**STATE of Alaska, Appellant,**

v.

**Frank WOODS, Appellee.**

**No. 7779.**

Court of Appeals of Alaska.

May 4, 1984.

Elizabeth H. Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

Dan Hensley, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Frank Woods was convicted after a court trial of attempted sexual assault in the first degree, former AS 11.41.410(a)(3); former AS 11.31.100, and two counts of sexual abuse of a minor, AS 11.41.440(a)(2). At the time of the offense, sexual abuse of a minor was a class C felony. AS 11.41.-440(b). The maximum sentence was five years' imprisonment with presumptive terms of two and three years for second and third felony offenders. AS 12.55.-125(e). Attempted sexual assault was a class B felony, AS 11.31.100(d)(2), punishable by a maximum term of ten years and presumptive terms of four and six years respectively. AS 12.55.125(d). The offense of attempted first-degree sexual assault has since been elevated to a class A felony with a presumptive term of five years for a first offender. AS 11.31.100(d)(1); AS 12.-55.125(c)(1).

Judge Cutler sentenced Woods, a first felony offender, to five years' imprisonment for the attempted sexual assault with four and one-half years suspended. Woods received a one-year sentence for each sexual abuse conviction with all but ninety days suspended. The sentences were made concurrent; Woods received a total of six months to serve. The judgment additionally requires Woods to complete a residential alcohol treatment program as a probation condition. The state appeals, contending

that the sentence imposed was too lenient. We agree and disapprove the sentence.[1]

Woods is an unemployed general laborer who apparently divides his time between his native village and the Anchorage area where his ex-wife and two children reside. All of Woods's convictions arose out of a single incident. On July 13, 1982, Woods was babysitting his five-year-old daughter and four-year-old son in the home of his former wife. After drinking approximately two fifths of whiskey he attempted to have sexual intercourse with his daughter, J.W. In addition, he touched her genitals with his hand and had her touch his penis.

Although Woods does not deny that the offense occurred, he claims no memory of the incident due to an alcoholic blackout. Woods has a long history of alcohol abuse as well as neurological impairment resulting from an accident about ten years ago. According to a psychological evaluation prepared for sentencing, Woods's common-sense reasoning ability, problem solving skills and social judgment have all been impaired as a result of that accident.

Woods was thirty-six years old at the time of the offense. He has no history of inappropriate sexual behavior, nor does he have any prior felony convictions. His record does include several alcohol-related misdemeanors. A psychiatrist evaluated Woods prior to sentencing and concluded that "he is not a danger to himself or others unless he drinks."

Woods maintains an amicable relationship with his former wife and children. His ex-wife feels that Woods is not a danger to other children or to society in general. She indicated that she still takes the children to visit Woods and will continue to do so. Pam Ellen Kirk, a counselor who worked with J.W. after the incident, indicated at the sentencing hearing that the victim was confused because her father neither admitted nor denied the incident. Woods did tell J.W., however, that she did the right thing when she reported the behavior and that he was not mad at her. In addition, Kirk identified several problems that incest victims commonly have as young children, adolescents and adults. Judge Cutler rejected Kirk's testimony that attributed several subsequent sexual encounters that J.W. had with neighborhood children to her experience with her father.

During sentencing, Judge Cutler discussed the *Chaney* criteria. *State v. Chaney*, 477 P.2d 441 (Alaska 1970). She emphasized Woods's history of inability to overcome his alcohol problem, noting that Woods had even failed to comply with an order requiring alcohol screening while on bail for the present offense. Thus, Judge Cutler concluded that rehabilitation was a relatively unrealistic sentencing goal in Woods's case. On the other hand, Judge Cutler noted that Woods was only involved in a single incident of sexual abuse. She also explained that "his physical accidents

---

**1.** In *State v. Brinkley*, 681 P.2d 351, 352 n. 1 (Alaska App.1984), we explained:

When the state appeals, contending that a defendant's sentence is too lenient, this court cannot modify the sentence actually imposed; we are authorized only to express approval or disapproval of the sentence appealed by the state. AS 12.55.120(b). The purpose of our review is to provide guidance to trial courts in imposing sentences in similar cases in the future. Thus, in a sense this appeal is moot because the legislature has substantially reduced judicial discretion by enacting an eight-year presumptive sentence for first-time felony offenders convicted of first-degree sexual assault. AS 12.55.125(i)(1). Although subject to aggravation or mitigation, this sentence may not be reduced below four years' incarceration unless the trial court finds exceptional circumstances and refers the matter to a three-judge panel. AS 12.55.155–.175. The

state has argued, however, that it is currently contemplating filing charges against a substantial number of parents for recently disclosed sexual abuse of their children occurring as much as five years ago. *See* AS 12.10.-010 (providing a five-year statute of limitations). *Cf.* AS 12.10.020(c) (providing that a prosecution under AS 11.41.410–.460 for an offense committed against a person under the age of sixteen may be commenced within one year after the crime is reported to a peace officer or the person reaches the age of sixteen, whichever occurs first, but not extending the period of limitation to more than five years). Given the number of incest cases presently pending in the trial courts which will require sentencing under former law, we have elected to publish an opinion in this case.

... have apparently not only deeply affected his memory, but probably affected his functioning ability ...." In describing the various components of the sentence imposed, Judge Cutler characterized the six months in jail as "not rehabilitation time," but "really just punishment and deterrence."

The state contends on appeal that Woods's sentence is too lenient in light of both the presumptive terms now in effect, see AS 12.55.125(c)(1), and this court's recent holdings in Langton v. State, 662 P.2d 954 (Alaska App.1983), and State v. Jane Doe, 647 P.2d 1107 (Alaska App.1982). Woods argues that the sentence was appropriate. He stresses the fact that he was intoxicated at the time, that the entire incident lasted no more than five minutes, that he has no history of deviant sexual behavior and that, despite certain physical and cultural impediments, he has maintained a good loving relationship with his daughter and a congenial relationship with his ex-wife.

In State v. Brinkley, 681 P.2d 351 (Alaska App.1984), we surveyed decisions of our court and the supreme court dealing with sentences for sexual assault in the first degree committed against children living in the defendant's household. We recognized that, disregarding cases involving extraordinary circumstances where a probationary sentence was warranted, the decisions separated the sentences into three categories. Those categories are: (1) sentences of ninety days to three years for highly mitigated offenses, (2) sentences of three to six years for typical offenses, and (3) sentences in excess of six years for aggravated offenses. We concluded that a sentence of less than three years should not be imposed unless the trial court found statutory mitigating factors or extraordinary circumstances. In State v. Jensen, 650 P.2d 422 (Alaska App.1982), we disapproved a sentence of less than eighteen months for attempted sexual assault and robbery which were a part of a single transaction. Reading Brinkley and Jensen together, it appears that a sentence of forty-five days to eighteen months would be appropriate for Woods only if his offense was highly mitigated.

The sentence imposed on Woods finds some support in State v. Coats, 669 P.2d 1329 (Alaska App.1982). Coats was convicted of sexual abuse of a minor in violation of AS 11.41.440, a class C felony. He received a sentence of two years with all but sixty days suspended. This court held that the nominal period of incarceration was clearly mistaken, stating that "Coats should have been sentenced to a period of at least six months of unsuspended imprisonment with eighteen additional months of suspended jail time." 669 P.2d at 1334. In some respects the facts of Coats are very similar to Woods's offenses. Both cases involved a single episode of sexual abuse. Coats fondled his twelve-year-old stepdaughter, A.P., and the record supported a finding that he would have had sexual intercourse with her if A.P.'s baby sister had not awakened. Coats had a severe alcohol abuse problem which contributed to the incident. He wavered between remorse and rationalization, never fully accepting responsibility for his conduct. In addition, he denied that he had a drinking problem and showed no interest in counseling or therapy which made him a poor candidate for rehabilitation. Recognizing that probationary sentences may be appropriate in some class C felony sexual abuse cases, this court disapproved the sentence, emphasizing Coats's lack of promise for rehabilitation.

We are satisfied that the Coats decision is distinguishable. Woods was convicted of attempted sexual assault in the first degree, a class B felony, while Coats was convicted of sexual abuse of a minor, a class C felony. Other things being equal, one convicted of a class B felony should receive a greater sentence than one convicted of a class C felony. Brezenoff v. State, 658 P.2d 1359, 1363 (Alaska App. 1983). In addition, Coats's victim was his twelve-year-old stepdaughter. Woods's

victim, in contrast, was only five years of age. Taking into account the totality of the circumstances, we are satisfied that a sentence of less than eighteen months of continuous incarceration was too lenient.

Woods also argues that one mitigating factor would have applied to him if he had been presumptively sentenced. He relies on AS 12.55.155(d)(9), which allows the sentencing court to mitigate the presumptive term if "the conduct constituting the offense was among the least serious conduct included in the definition of the offense." He points to the fact that the sexual abuse was a one-time occurrence of extremely short duration and that he was impaired by a neurological disability and alcohol abuse. We disagree. While repeated sexual abuse, unless separately charged, serves to aggravate a single count of sexual abuse, a single incident is not a mitigated offense. When we consider the age of the victim, and the fact that Woods was babysitting the child at the time of the incident, we are satisfied that this was not a mitigated offense. *See Langton v. State,* 662 P.2d at 962; *Cordes v. State,* 676 P.2d 611 (Alaska App.1984). *See also* AS 12.55.155(c)(5); AS 12.55.155(c)(10). We therefore disapprove the sentence.

The sentence of the superior court is DISAPPROVED.