**Kevin BENBOE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–225.**

Court of Appeals of Alaska.

May 3, 1985.

Thomas G. Nave, Asst. Public Defender, Juneau, and Dana Fabe, Public Defender, Anchorage, for appellant.

Stephanie E. Joannides, Asst. Dist. Atty., Richard A. Svobodny, Dist. Atty., and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Kevin Benboe pled *nolo contendere* to sexual assault in the second degree, a class B felony. AS 11.41.420. Superior Court Judge Rodger W. Pegues sentenced Benboe to eight years' imprisonment with one year suspended. Benboe appeals his sentence as excessive. We reverse.

### THE OFFENSE

R.E.W., a six-year-old girl, and R.E.W.'s half-brother were spending the night at his father's home and sleeping on a living room couch. Benboe, who was also staying at the house, woke R.E.W. and asked her if "he could feel it." R.E.W. told him no, but Benboe pushed his hand inside her leotard and inserted his finger into her vagina. When R.E.W. said "ouch," Benboe withdrew his finger, went to another couch and fell asleep. The next day R.E.W. reported the incident to a relative and was taken to the hospital and examined. R.E.W. had a small (half a centimeter in length) bleeding cut on her hymen and a bruise on her perineum. According to the state's recitation of what the evidence would show, the doctor who examined R.E.W. would have testified that these injuries were consistent with the insertion of a finger into the vagina. R.E.W. identified Benboe from a photographic lineup.

### THE OFFENDER

Benboe, who was twenty-seven years old at the time of sentencing, had no prior felony convictions. His misdemeanor record is limited to a conviction for negli-

gent driving and a number of traffic violations. The assault occurred during a period of heavy drinking and some drug use by Benboe. On the day of this offense Benboe had consumed almost a case of beer and had also smoked three marijuana cigarettes. Benboe told Probation Officer Robert Collins that initially he could not remember that anything had happened with R.E.W. He did eventually remember and agreed with R.E.W.'s account. Benboe told the probation officer that he had no explanation for his conduct, except perhaps curiosity, and that he was ashamed. Probation Officer Collins reported to the court his belief "that [Benboe's] claims of remorse and shame are genuine." While awaiting sentencing Benboe apparently refrained from excessive alcohol and drug use. He voluntarily attended two counseling sessions at a local mental health clinic but stopped because the counseling "didn't seem to be getting anywhere."

### THE SENTENCE

Benboe entered a plea of no contest to sexual assault in the second degree, AS 11.41.420, based on a plea agreement with the prosecution. The agreement provided for a minimum sentence of four years to serve. A class B felony, second-degree sexual assault carries a maximum sentence of ten years. There is no presumptive sentence for a first felony offender; the presumptive sentences for second and subsequent felony convictions are four years and six years. AS 12.55.125(d). Judge Pegues sentenced Benboe, a first offender, to eight years' imprisonment with one year suspended.

■ Benboe concedes that the evidence was sufficient to establish that first-degree sexual assault had been committed. *See*

former AS 11.41.410.[1] Sexual assault in the first degree is an unclassified felony carrying a presumptive term of eight years and a maximum term of thirty years. AS 12.55.125(i). Nevertheless, Benboe contends that the sentence imposed is contrary to the rule in *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), where we stated: "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." An exceptional case is one in which the offense is aggravated by certain statutory factors under AS 12.55.155(c), or by unspecified aggravating factors that would constitute extraordinary circumstances under AS 12.55.165 and would warrant referral to a three-judge panel if presumptive sentencing applied. *Peetook v. State,* 655 P.2d 1308, 1310 (Alaska App.1982).

■ Here, Judge Pegues expressly found two aggravating circumstances: first, the assault was among the most serious in its class, as it involved penetration, not merely sexual contact;[2] second, the victim was extremely vulnerable, as she was only six years old and in a home where she should have been safe. Judge Pegues' findings with respect to those two circumstances are supported by the record. Since these circumstances would have been statutory aggravating factors under AS 12.55.155(c)(5) and (10) if presumptive sentencing applied, under *Austin* the sentencing court could properly rely on them as a basis for imposing a greater sentence than would typically be appropriate for a first offender convicted of a class B felony.

Although we find that the *Austin* rule did not mandate imposition of "a more fa-

---

**1.** At the time of Benboe's offense, AS 11.41.-410(a)(3) provided that "[a] person commits the crime of sexual assault in the first degree if, ... being 16 years of age or older, he engages in sexual penetration with another person under 13 years of age...." Alaska Statute 11.41.-410(a)(3) was subsequently repealed, but the substance of the offense was reenacted as part of the new offense of sexual abuse of a minor in the first degree. AS 11.41.434.

**2.** Where the person's conduct in fact amounted to commission of a greater offense, the court may find that the conduct was among the most serious conduct included in the definition of the offense. *Fee v. State,* 656 P.2d 1202, 1204–05 (Alaska App.1982); *Huckaby v. State,* 632 P.2d 975, 976–77 n. 2 (Alaska App.1981).

vorable sentence than the presumptive sentence for a second offender," this conclusion does not end our inquiry, for we must separately determine, based on an independent review of the entire sentencing record, whether the total sentence Benboe received was clearly mistaken. *See Jimmy v. State*, 689 P.2d 504, 505 (Alaska App.1984). *See also McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

In this case, our independent review of the record convinces us that the sentence of eight years with one year suspended is clearly mistaken. We reach our decision for the following reasons.

The sentence imposed by Judge Pegues requires Benboe to serve a term of imprisonment that exceeds not only the four-year presumptive term for a second class B felony offender, but also the six-year presumptive term prescribed for third or subsequent class B felony offenders. Even though, as we have already noted in our discussion of the *Austin* rule, Benboe's offense was significantly more serious than a typical second-degree sexual assault, we do not think the nature of the offense is so extraordinarily serious as to warrant a first-offense sentence of unsuspended time exceeding both presumptive limits.

■ We are not unmindful that Judge Pegues concluded, quite properly, that Benboe's conduct would actually have qualified as a first-degree sexual assault. Thus, Benboe might have been subject to conviction for a greater offense than that to which he entered his plea of *nolo contendere*. This consideration obviously increases the seriousness of the offense and is a factor that Judge Pegues could correctly rely on in determining an appropriate sen-

tence. *Fee v. State*, 656 P.2d 1202, 1204–05 (Alaska App.1982); *Huckaby v. State*, 632 P.2d 975, 976 (Alaska App.1981). Nevertheless, the fact that Benboe's conduct may technically have qualified as a first-degree sexual assault is one that must be viewed in its proper context.

Had Benboe actually been convicted of the greater offense, he would have been subject to an eight-year presumptive sentence, only one year longer than the seven-year unsuspended portion of the term he ultimately received. However, the eight-year presumptive sentence would have been appropriate only if, by reference to the statutory scheme of aggravating and mitigating factors,[3] it could fairly be said that Benboe's offense was a typical first-degree sexual assault. *Cf. Juneby v. State*, 641 P.2d 823, 833 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983) (presumptive terms represent appropriate sentences for cases falling within the middle-ground between the opposing extremes of the most and least serious conduct for a given crime).

If Benboe's conduct is evaluated as a first-degree sexual assault, it appears to be considerably more mitigated than typical conduct for that offense. The assault was unplanned and was of extremely brief duration. At most, the assault involved only slight digital penetration.[4] Benboe never threatened R.E.W., and he voluntarily terminated the assault as soon as R.E.W. protested. Only relatively slight physical injury was caused by Benboe's conduct, and evidently R.E.W. suffered no lasting emotional harm.

Given these mitigating aspects we believe Benboe's offense, if viewed as a first-

---

**3.** *See* AS 12.55.155(c) and (d).

**4.** We take this occasion to reject Benboe's suggestion that first-degree sexual assaults are *per se* mitigated when committed by means of digital penetration. We note that, in defining first-degree sexual assault, the legislature has not distinguished between the seriousness of various types of sexual penetration. There is therefore no basis upon which to conclude that one type of penetration should be deemed automatically more serious or less serious than another.

*Cf. Walsh v. State*, 677 P.2d 912, 916–17 (Alaska App.1984); *Juneby v. State*, 641 P.2d 823, 841 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983). In assessing the seriousness of a sexual assault, the sentencing court should realistically consider, on an individualized basis, the totality of the circumstances—including the manner in which penetration was accomplished by the accused—involved in each case.

degree sexual assault, would be among the least serious in its class. *Cf. Bolhouse v. State*, 687 P.2d 1166, 1177–78 (Alaska App. 1984) (Bryner, C.J., concurring). Under these circumstances, although the offense was unquestionably an aggravated second-degree sexual assault, we think it would be unrealistic to characterize it as equivalent in seriousness to conduct typically involved in a first-degree sexual assault. Imposition of a sentence substantially approximating the presumptive eight-year term for first offenders convicted of first-degree sexual assault therefore cannot properly be justified solely by reliance on the seriousness of Benboe's conduct or the fact that the conduct technically qualified as a first-degree sexual assault.

We hold that, given Benboe's favorable background and lack of a significant prior criminal record, an appropriate sentence in this case should not have exceeded four years of unsuspended time to serve—the equivalent of a presumptive sentence for a second class B felony offender. Given the seriousnessof Benboe's conduct and the obvious need for him to receive treatment and long-range supervision, we hold that an additional four-year period of suspended incarceration was permissible. However, a more severe sentence would be clearly mis-

taken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).[5]

The sentence imposed by the superior court is REVERSED and this case is REMANDED for imposition of a term not to exceed eight years with four years suspended.

---

5. Two of the offenses addressed by this court in *Langton v. State*, 662 P.2d 954 (Alaska App. 1983), involved conduct roughly comparable to Benboe's and provide an interesting contrast with the present case. One case involved John Doe, who was convicted of first-degree sexual assault for inserting the handle of a hairbrush into the anus of his two-year-old and four-year-old sons. Doe was under considerable stress in his personal life at the time, and the assaults appeared to be an isolated incident. Doe had no prior criminal record and a good employment history. *Id.* at 956–58. Considering these circumstances, we disapproved as too lenient a sentence of five years, all suspended. We held that a non-probationary sentence in the range of 90 days to three years would be the most lenient permissible sentence under the circumstances. *Id.* at 959–60.

The other case considered in *Langton* involved Melvin Joe, who was convicted of first-degree sexual assault involving an act of sodomy against a two-year-old child whom Joe was babysitting. Joe was intoxicated at the time of

the assault, and, as with Doe, the incident appeared to be an isolated one. Despite Joe's lack of a significant criminal record and his favorable employment history, the superior court sentenced him to serve twenty years, the maximum for the offense at the time it was committed. We held the sentence to be excessive and ordered imposition of a sentence of no more than ten years' imprisonment. *Langton*, 662 P.2d at 960–62.

Compared with Benboe's case, the offenses committed by Doe and Joe seem manifestly more serious in nature. Both men were actually convicted of first-degree sexual assault. Their convictions resulted from conduct involving far more extensive sexual penetration than that involved in Benboe's case. The victims of both men were extremely young compared to Benboe's victim and were consequently far more vulnerable and exposed to a far greater risk of physical injury. Finally, both Doe and Joe had actually been entrusted with the care and supervision of the children whom they assaulted.