v.

**STATE of Alaska, Appellee.**

**No. A–811.**

Court of Appeals of Alaska.

Sept. 20, 1985.

William B. Oberly, Gorton & Oberly, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

S.B. was convicted by a jury of three related offenses: sexual abuse of a minor in the first degree, an unclassified offense, AS 11.41.-434(a)(2)(B),[1] and two counts of sexual abuse of a minor in the second degree, class B felonies, AS 11.41.-436(a)(3)(B).[2] Superior Court Judge Seaborn J. Buckalew, Jr., sentenced S.B. to an eight-year presumptive term for count I, and concurrent sentences of three years to serve on counts II and III, to run concurrent with the eight-year term. S.B. appeals, contending that the trial court erred in failing to find statutory mitigating factor AS 12.55.155(d)(9), which provides:

(d) The following factors shall be considered by the sentencing court and may mitigate the presumptive terms set out in AS 12.55.125:

.    .    .    .    .

(9) the conduct constituting the offense was among the least serious conduct included in the definition of the offense.

We affirm.

## THE OFFENSE

On December 26, 1983, S.B. was at home with his seven-year-old daughter, J.B. S.B. removed J.B.'s pants and performed cunnilingus on her. This conduct resulted in the charge of first-degree sexual abuse of a child. S.B. obtained a vibrator and used it to stimulate J.B.'s genitals. This conduct resulted in the first count of sexual abuse of a minor in the second degree. S.B. then caused J.B. to touch his genitals while he ejaculated. This conduct resulted in the second count charging sexual abuse of a

1. Alaska Statute 11.41.434(a)(2)(B) provides:

    *Sexual abuse of a minor in the first degree.* An offender commits the crime of sexual abuse of a minor in the first degree if

    .    .    .    .    .

    (2) being 18 years of age or older, the offender engages in sexual penetration with a person who is under 18 years of age and who

    .    .    .    .    .

    (B) is the offender's son or daughter, including an illegitimate or adopted child, or a stepchild.

    Alaska Statute 11.81.900(b)(53) provides:

    "sexual penetration" means genital intercourse, cunnilingus, fellatio, anal intercourse, or an intrusion, however slight, of an object or any part of a person's body in the genital or anal opening of another person's body; each party to any of the acts defined as "sexual penetration" is considered to be engaged in sexual penetration.

2. Alaska Statute 11.41.436(a)(3)(B) provides:

    *Sexual abuse of a minor in the second degree.*

    (a) an offender commits the crime of sexual abuse of a minor in the second degree if

    .    .    .    .    .

    (3) being 18 years of age or older, the offender engages in sexual contact with a person who is under 18 years of age and who

    .    .    .    .    .

    (B) is the offender's son or daughter, including an illegitimate or adopted child, or a stepchild.

    Alaska Statute 11.81.900(b)(52) provides:

    "sexual contact" means

    (A) the intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breast; or

    (B) the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.

    This definition of sexual contact and the definition of sexual penetration set out in footnote 1 were amended by the 1984 legislature. The amendments are not relevant to any issue presented in this appeal.

minor in the second degree. J.B. reported S.B.'s conduct to her mother approximately a month later, and the mother reported it to J.B.'s school teacher who informed the authorities, resulting in S.B.'s prosecution.

## THE OFFENDER

S.B., who was thirty years old at the time of sentencing, has no prior criminal record, including traffic offenses. S.B. had a slight learning disability as a child but nevertheless graduated from high school in 1973. He married P.B. on June 20, 1975. There are two children from this union, J.B., age seven, and D.B., age three; both children currently reside with their mother. S.B. has been steadily employed since graduating from high school and is described as an excellent employee. It appears that S.B. does not use alcohol to excess, and is not a regular drug user. He apparently has no physical disabilities or limitations, and prior to this incident was never involved in mental health counseling. S.B. was evaluated by Dr. Bruce N. Smith, a clinical psychologist. Dr. Smith reached the following conclusions:

S.B. is a 30-year-old Caucasian male who functions in the Average to Superior range of intellectual performance on the Subtests of the WAIS–R, measuring his conceptual reasoning and decision-making ability. Mr. B. shows a constriction of perception, a tendency to compartmentalize his perceptions, and prominent traits of conformity and denial. Thus, he has a strong need to appear composed, in good control, and conventional by others. Thus, he most likely narrowly restricts his behaviors and feelings to those which he feels to be safe and commendable. It is quite possible in a personality, such as a compulsive personality just described, that his propriety at points may break down and internal conflicts not allowed into his consciousness and therefore, out of his normal realm of coping may impinge upon his behavior. However, due to the extent of the denial present, it is not possible to make any statement as to

the nature of the impulses Mr. B.'s denial serves to protect him from. He does show a tendency to withdraw from emotional laden situations and an excessive evaluation of himself. Thus, it is possible that Mr. B. acted out of a set of sexual feelings with respect to his daughter that he was not consciously aware of and is presently denying. It is, however, also possible that Mr. B. was operating out of an assumption that he could provide information to his daughter and actually did not believe himself to be sexually molesting her as he demonstrated sexual functioning to her. However, in either case, it appears that Mr. B. is in need of education himself as to appropriate sexual behavior. The first step in the treatment of Mr. B. must break through his denial and for him to fully accept responsibility for the actions he did take with his daughter. Until this occurs, it is difficult to determine the appropriate treatment setting for Mr. B. Hiland Mountain Correctional Center provides a viable option regarding complete treatment and rehabilitation program for Mr. B. From a personality perspective, Mr. B. is not likely to need intensive rehabilitation for personality deficits or deep emotional difficulties. In fact, he is likely to view psychological intervention as an effort to undermine his defensive armor. However, with respect to his sexual behavior, Mr. B. may well be in need of a very comprehensive program. It is therefore recommended that Mr. B. be given a sentence which allows him to be expeditiously placed at Hiland Mountain where he can begin his treatment program as soon as possible.

## THE SENTENCE

Judge Buckalew and the parties recognized that S.B. should receive a presumptive eight-year sentence on count I in the absence of mitigating factors. Alaska Statute 12.55.125(i) provides:

A defendant convicted of sexual assault in the first degree or sexual abuse of a minor in the first degree may be

sentenced to a definite term of imprisonment of not more than 30 years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155–.175:

(1) if the offense is a first felony conviction and does not involve circumstances described in (2) of this subsection, eight years;

(2) if the offense is a first felony conviction, and the defendant possessed a firearm, used a dangerous instrument, or caused serious physical injury during the commission of the offense, 10 years....

The parties' attention therefore focused on mitigating factors and particularly on AS 12.55.155(d)(9). S.B. argued that he did not in fact commit cunnilingus and that his testimony and that of J.B. were consistent in that defendant did not penetrate J.B.'s genital opening with his tongue. S.B. also contended that his actions, while wrongful and unlawful in retrospect, were conducted in an attempt to provide his daughter sexual education and were not intended to sexually gratify either participant. He pointed out that all three sex acts took place at approximately the same time during a single occasion, that he had accepted responsibility in an adult manner for his crimes and was dealing with them through counseling and participation in Parents United, a self-help group at the Cook Inlet Pretrial Detention Facility. Finally, he contended, based in part on his testimony and that of his wife, that his incarceration would work a substantial hardship on the family since he is its sole support, and that it would cause psychological damage to his daughter and the other members of his family. Judge Buckalew rejected S.B.'s proposed mitigating factor and sentenced him to the presumptive term.

## DISCUSSION

On appeal, S.B. renews the arguments he made before Judge Buckalew. The state responds that the trial court was not clearly erroneous in failing to find the offense mitigated.

A proper resolution of this case begins with the discussion of our recent decision in *Benboe v. State*, 698 P.2d 1230 (Alaska App., 1985). Benboe digitally penetrated R.E.W., a six-year-old girl. We described his offense as follows:

R.E.W., a six-year-old girl, and R.E.W.'s half-brother were spending the night at his father's home and sleeping on a living room couch. Benboe, who was also staying at the house, woke R.E.W. and asked her if "he could feel it." R.E.W. told him no, but Benboe pushed his hand inside her leotard and inserted his finger into her vagina. When R.E.W. said "ouch," Benboe withdrew his finger, went to another couch and fell asleep. The next day R.E.W. reported the incident to a relative and was taken to the hospital and examined. R.E.W. had a small (half a centimeter in length) bleeding cut on her hymen and a bruise on her perineum. According to the state's recitation of what the evidence would show, the doctor who examined R.E.W. would have testified that these injuries were consistent with the insertion of a finger into the vagina....

*Benboe*, 698 P.2d at 1230, 1231.

As part of a plea bargain, Benboe pled no contest to sexual assault in the second degree. AS 11.41.420. Superior Court Judge Rodger W. Pegues sentenced Benboe, a first offender, to eight years' imprisonment with one year suspended. Benboe challenged the sentence on appeal as excessive and we reversed, holding that the sentence on remand should not exceed eight years with four years suspended. 698 P.2d at 1233. In reaching this conclusion, we agreed with the trial court that Benboe's conduct would actually have qualified as a first-degree sexual assault under former law, and that the trial court could properly take this into account in concluding that Benboe's conduct was among the most serious contemplated within the definition of the offense of second-degree sexual assault. AS 12.55.155(c)(10). We note that Benboe's conduct would also have qualified

as first-degree sexual abuse of a minor under current law. Treating Benboe's offense as a first-degree sexual assault did not, in our view, however, justify a sentence of eight years with one year suspended, for we said:

> Had Benboe actually been convicted of the greater offense, he would have been subject to an eight-year presumptive sentence, only one year longer than the seven-year unsuspended portion of the term he ultimately received. However, the eight-year presumptive sentence would have been appropriate only if, by reference to the statutory scheme of aggravating and mitigating factors [*see* AS 12.55.155(c) and (d)] it could fairly be said that Benboe's offense was a typical first-degree sexual assault. [Citations omitted.]

698 P.2d at 1232. We then concluded that viewed as a first-degree sexual assault, Benboe's conduct was substantially mitigated:

> If Benboe's conduct is evaluated as a first-degree sexual assault, it appears to be considerably more mitigated than typical conduct for that offense. The assault was unplanned and was of extremely brief duration. At most, the assault involved only slight digital penetration. Benboe never threatened R.E.W., and he voluntarily terminated the assault as

soon as R.E.W. protested. Only relatively slight physical injury was caused by Benboe's conduct and evidently R.E.W. suffered no lasting emotional harm.

698 P.2d at 1232.

S.B.'s situation is very similar to Benboe's. S.B. has no criminal record as an adult or juvenile. His conduct was apparently unplanned and of fairly short duration. It involved no threats or physical injury to J.B. Viewing S.B.'s psychological evaluation in the light most favorable to the state, it appears inconclusive. While a single incident of sexual abuse does not necessarily establish a mitigated offense, *see State v. Woods*, 680 P.2d 1195, 1198 (Alaska App.1984),[3] nor is cunnilingus necessarily less serious than other forms of sexual penetration, *see Benboe v. State*, 698 P.2d 123, 1232. (Alaska App.1985),[4] the trial court could certainly have determined on this record that S.B.'s conduct was among the least serious contemplated within the definition of the offense. *Woods* is distinguishable, for while there was no evidence of prior sexual abuse by Woods, the facts, that Woods committed his offense while intoxicated and had on prior occasions committed other admittedly unrelated offenses while intoxicated could well lead a trial court to conclude that Woods' conduct was not so atypical as a single incident would otherwise suggest.

---

**3.** In *Woods* we said:

> Woods also argues that one mitigating factor would have applied to him if he had been presumptively sentenced. He relies on AS 12.55.155(d)(9), which allows the sentencing court to mitigate the presumptive term if "the conduct constituting the offense was among the least serious conduct included in the definition of the offense." He points to the fact that the sexual abuse was a one-time occurrence of extremely short duration and that he was impaired by a neurological disability and alcohol abuse. We disagree. While repeated sexual abuse, unless separately charged, serves to aggravate a single count of sexual abuse, a single incident is not a mitigated offense. When we consider the age of the victim, and the fact that Woods was babysitting the child at the time of the incident, we are satisfied that this was not a mitigated offense.

680 P.2d at 1198.

**4.** In *Benboe* we said:

> We take this occasion to reject Benboe's suggestion that first-degree sexual assaults are *per se* mitigated when committed by means of digital penetration. We note that, in defining first-degree sexual assault, the legislature has not distinguished between the seriousness of various types of sexual penetration. There is therefore no basis upon which to conclude that one type of penetration should be deemed automatically more serious or less serious than another. [Citations omitted.] In assessing the seriousness of sexual assault, the sentencing court should realistically consider, on an individualized basis, the totality of the circumstances—including the manner in which penetration was accomplished by the accused—involved in each case.

698 P.2d 1230 at 1232 (Alaska App.1985).

Nevertheless, whether aggravating or mitigating factors are established is a decision committed to the sound discretion of the trial court. We may reverse only if we are convinced that the trial court was clearly erroneous in the conclusions it reached. *See Juneby v. State,* 641 P.2d 823, 834 (Alaska App.1982). S.B.'s continued efforts to justify his conduct as "sex education" and his only limited acceptance and understanding of the grave risks of psychological damage to children that his conduct presented, leads us to conclude, on balance, that Judge Buckalew was not clearly erroneous in concluding that the mitigating factor was not established by clear and convincing evidence.

The sentence of the superior court is AFFIRMED.

BRYNER, C.J., concurs.

BRYNER, Chief Judge, concurring.

I agree with the result reached by the majority of the court but not with the court's conclusion that S.B.'s conduct bordered on being "among the least serious within the definition of the offense." AS 12.55.155(c)(10). Alaska Statute 11.41.434 defines first-degree sexual abuse of a minor as "sexual penetration." "Sexual penetration" is specifically defined to include cunnilingus. AS 11.81.900(b)(53). The record demonstrates that S.B.'s conduct, when considered in its totality, was well within the typical range for the offense. I would therefore conclude that Judge Buckalew did not err in rejecting S.B.'s proposed mitigating factor.