**Richard ALLEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2689.**

Court of Appeals of Alaska.

March 3, 1989.

Mary Ellen Ashton, Asst. Public Defender, and John Salemi, Acting Public Defender, Anchorage, for appellant.

Brent Cole, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Richard Allen pled no contest to an information charging him with attempted sexual abuse of a minor in the first degree, a class A felony, AS 11.41.434(a)(2)(B); AS 11.31.-100(a); former AS 11.31.100(d)(1). The trial court found, as an aggravating factor, that Allen's conduct was among the most serious included within the definition of the offense. AS 12.55.155(c)(10). The court rejected Allen's proposed mitigating factors: (1) that the facts surrounding the commission of the offense and any previous offenses by the defendant established that the harm caused by the defendant's conduct was consistently minor and inconsistent with the imposition of a substantial period of imprisonment, AS 12.55.-155(d)(13); (2) that the conduct constituting the offense was among the least serious conduct included within the definition of the offense, AS 12.55.155(d)(9); and (3) that except in the case of a crime defined by AS 11.41.410–11.41.470, the victim provoked the crime to a significant degree, AS 12.55.-155(d)(7). The court also rejected Allen's request that the case be referred to a three-judge panel. AS 12.55.165–.175. The court then imposed the five-year presumptive term. AS 12.55.125(c)(1). Allen appeals, contending that the case should have been referred to the three-judge panel and that the trial court erred in rejecting two of the proposed mitigating factors. We affirm.

All of the facts in this case are disputed. The presentence report indicates that M.Y., Allen's stepdaughter, testified before the grand jury that Allen had engaged in sexual intercourse and oral sex with her on a number of occasions during a one-year period when she was fifteen and sixteen years old. The case was investigated by Officer Reeder, who interviewed M.Y., the defendant, and Diane Allen, the defendant's wife and M.Y.'s mother. Mrs. Allen allegedly told Officer Reeder that her husband had confessed to her during a telephone conversation to having had sexual contact with M.Y. and that he had asked for help through counseling. Officer Reeder also indicated that Allen gave him a statement admitting to sexual intercourse or attempted intercourse with M.Y. over a period of approximately six months.

Allen presented an entirely different story. In a letter to the trial court, he indicated that he had had only two incidents of sexual contact with M.Y. In both cases, she initiated the contact. On one occasion, she was sitting on the couch with her back against him and she placed his hand inside her sweatshirt on her breast. On another occasion, she placed his hand between her legs. Allen denied ever having sexual intercourse with M.Y. He indicates that his confession to Officer Reeder was coerced. He was apparently within a few weeks of earning early retirement from his employer, and claims that Officer Reeder told him that unless he confessed to the sexual assault, he would be immediately jailed. Allen feared that if he was immediately jailed, he would not qualify for early retirement and his family would suffer financial disaster. Allen claims that he made the incriminatory statements to Officer Reeder solely to gain an additional two weeks of employment in order to be eligible for retirement. There is a suggestion in the record that Mrs. Allen, if called, would corroborate her husband's testimony. According to the presentence report, Mrs. Allen denies her initial statements that she was aware of her husband's sexual abuse. Mrs. Allen claims that "words were put in my mouth."

When contacted, M.Y. indicated that she had made a good adjustment, had graduated from high school, was attending college, and had benefited from psychological coun-

seling. She stressed that she had not called the police or made charges, and indicated that the emotional impact from the offense had been the most difficult for her to bear. She related with some bitterness that the Division of Family and Youth Services took her away from her mother after the charges were brought. She also indicated that she believes that her counselor violated her confidence by relating confidential communications in connection with the legal proceeding. M.Y. concluded her conversation with the presentence officer by saying, "My mother and I have a new relationship. I have found it in my heart to forgive my stepfather. He is not a criminal and I love him. My mother loves him and I think they should be together."

The presentence report in this case is generally favorable to Allen. It notes that he is currently forty-nine years old with no prior record, that he has an excellent record of stable employment, that he enjoyed a stable and happy childhood, and that he has no apparent substance abuse problems. The presentence officer faults Allen for denying sexual intercourse with M.Y. and for indicating that she initiated sexual contact with him. In the presentence officer's view, "Because he is in denial, no remorse has been expressed for his actions nor can chances of rehabilitation be addressed." The presentence officer intimates that Mrs. Allen's support of Allen and denial that any sexual abuse occurred is traceable to her being "extremely concerned about her financial welfare." The presentence officer concludes, "There appears to be a number of conflicting statements from all three family members."

## DISCUSSION

■ The state argues, and the court found, that Allen engaged in sexual intercourse with M.Y., his sixteen-year-old stepdaughter, on numerous occasions. If this were true, Allen would be guilty of sexual abuse of a minor in the first degree, an unclassified felony. Consequently, the trial court could find that his conduct was among the most serious included within the definition of the lesser offense, attempted sexual abuse of a minor in the first degree. *State v. Krieger,* 731 P.2d 592, 596 (Alaska App.1987); *Braaten v. State,* 705 P.2d 1311, 1325–26 (Alaska App.1985) (Singleton, J., concurring). This is particularly true where the offense, though charged in a single count, involved repeated instances occurring over a long period of time. *State v. Woods,* 680 P.2d 1195, 1198 (Alaska App. 1984); *Ecker v. State,* 656 P.2d 577, 577–78 (Alaska App.1982). In contrast, if Allen's version of the facts is correct, then his conduct would border on sexual abuse of a minor in the second degree, AS 11.41.-436(a)(3)(B), a class B felony. Consequently, his conduct could be found to be among the least serious included within the definition of the offense. AS 12.55.155(d)(9).[1] Alternatively, the trial court could find that on balance the offense was relatively typical and impose the presumptive term. Judge Michalski apparently concluded that Allen committed a typical offense and imposed the presumptive term. We find no error.

■ The trial court cannot intelligently sentence a defendant for an offense unless it determines the facts surrounding the commission of the offense. Given that all of the principals in this case have told conflicting stories, the trial court was obligated to weigh the evidence and determine which version of the evidence most clearly approximated the true facts. Where the evidence is substantially in dispute, a defendant has a number of options available to protect himself or herself against inaccurate fact-finding.

First, the defendant can proceed to trial and allow a jury to resolve the conflicting evidence. In the instant case, during allocution, Allen complained bitterly that he had pled to one offense, but that the court

1. Where the defendant is a first felony offender, the mitigating factor that the conduct is among the least serious within the definition of the offense tends to merge with the mitigating factor that the harm caused by the defendant's conduct is consistently minor and inconsistent with imposition of a substantial period of imprisonment. AS 12.55.155(d)(13) *See Johnson v. State,* 762 P.2d 493, 495–96 (Alaska App.1988).

was considering evidence of a more serious offense. There apparently was no discussion, however, about Allen's withdrawing his plea and proceeding to trial. Nor does Allen seek withdrawal of his plea on appeal. Alternatively, where the evidence is substantially in dispute, the parties can, in connection with a plea and sentence agreement, compromise the dispute and stipulate to facts for the trial court to consider in reaching a decision. *Connolly v. State,* 758 P.2d 633, 637–38 (Alaska App.1988). Thus, the parties could have stipulated to accept Allen's version of the offense for purposes of sentencing. If the trial court was unwilling to accept the stipulation, Allen could withdraw his plea. It does not appear, however, that the parties stipulated to any particular set of facts in connection with the plea agreement in this case. From the outset, the prosecutor made it clear that she intended to ask the court to sentence Allen on the assumption that he had engaged in sexual intercourse with his stepdaughter.

Finally, the parties can let the trial court determine the facts surrounding the commission of the defendant's offense. This appears to be what occurred in this case. The prosecutor indicated to the court that she had discussed the case with defense counsel and that defense counsel had informed her that he was not going to put the defendant on the witness stand to make a specific testimonial denial of the allegations, nor was he requesting that the state produce the victim for cross-examination. It also does not appear that the defendant requested an opportunity to cross-examine Mrs. Allen or Officer Reeder. Thus, in order to rule on the parties' proposed aggravating and mitigating factors, the trial court was required to consider the presentence report and the arguments of counsel and then to determine the facts in the best manner it could. *See Agwiak v. State,* 750 P.2d 846, 849–50 (Alaska App.1988). Under the circumstances, the trial court's conclusion that M.Y. was testifying truthfully before the grand jury in accusing her stepfather of multiple acts of sexual intercourse was not clearly erroneous. Therefore, this determination justifies rejection of the mitigating factors.

Allen received the five-year presumptive term. Even if the court erred in finding the aggravating factor by crediting the victim's out-of-court statements, it was not bound to accept Allen's version of the facts. It is only if Allen's statements are fully credited that an arguable case for finding the mitigating factors can be made.

■ The trial court did not abuse its discretion in denying referral to the three-judge panel even though Allen, at forty-nine years old, is a first offender with an excellent record in all other respects. The presumptive term is intended for typical offenders committing typical offenses. Even if the trial court rejected the aggravating factor and discounted the victim's statements to the police, the trial court would not have abused its discretion by viewing Allen and his offense as typical. *See Bartholomew v. State,* 720 P.2d 54, 55 (Alaska App.1986).

The sentence of the superior court is AFFIRMED.