Daniel R. OSTERBACK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3284.

Court of Appeals of Alaska.

April 6, 1990.

Dick L. Madson, Fairbanks, for appellant.

Kenneth J. Goldman, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Daniel R. Osterback was convicted, based upon his plea of *nolo contendere*, of six counts of sexual abuse of a minor in the second degree, a class B felony. AS 11.41.-436(a)(1). Superior Court Judge Niesje J. Steinkruger sentenced Osterback, a first felony offender, to ten years with four years suspended, placing Osterback on probation for five years following his release from confinement. Osterback appeals, arguing that the sentence is excessive. We affirm.

Daniel Osterback was a music teacher at Ryan Junior High School in Fairbanks. In 1984, when Osterback was thirty-two years of age, he had a sexual relationship with one of his students, thirteen-year-old T.E. According to T.E., most of the abuse took place at school before class. T.E. indicated that Osterback would pick her up at her grandparents' home early in the morning and would drive her to school where she was working as a teacher's aid for him. In February 1989, when Osterback learned that the police were conducting an investigation into his relationship with T.E., Osterback called the Fairbanks police and admitted his relationship with T.E. Osterback acknowledged that he had oral and vaginal intercourse with T.E. approximately fifty times while T.E. was in the eighth grade. Osterback broke off the relationship at the end of the school year in 1984.

At sentencing, the state presented evidence that Osterback's sexual abuse of T.E. had an extensive negative impact on her life. Apparently T.E. became pregnant and miscarried during the relationship. T.E. was very involved in the relationship and was emotionally devastated when it ended. According to T.E.'s therapist, T.E. went from being an "A" student to dropping out of school as a junior in high school. T.E. developed a lack of self-confidence and ambition in school and later in her work. She also began a series of destructive relationships with older married men that patterned her sexual relationship with Osterback.

In addition, the state presented testimony from two other former students of Osterback who testified that Osterback had behaved in sexually inappropriate ways toward them. B.P. testified that while she was a student in the eighth grade Osterback had kissed her numerous times. This occurred during the 1980–81 school year. C.K., who had also been a student of Osterback in 1980–81, testified that he ap-

proached her in 1983, after she had played in a band performance. Osterback told C.K. what a fine musician he thought that she was and that she was very attractive. Osterback tried to give her a ride and took hold of her arm. C.K. stated that she was under the definite impression that Osterback was going to make a sexual advance. C.K. told Osterback that she needed to make a phone call, fled into the ticket office and locked herself in; she then contacted her parents, who came to pick her up.

Osterback was thirty-seven at the time of sentencing. He had no prior criminal record. Osterback was a public school music instructor from 1975 to 1989. He also taught music lessons and played in professional musical groups in Fairbanks. Osterback resigned his teaching position after the sexual abuse charges came to light. However, the record shows that, with the exception of the sexual abuse charges and the allegations of inappropriate sexual behavior that we have discussed, Osterback was an outstanding teacher with many exemplary qualities. Numerous people testified and wrote to the court on Osterback's behalf.

In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), we stated:

> Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case. However, it is also clear that the legislature did not intend to say that a first offender could never receive more time to serve than the presumptive sentence for a second offender, since the statute easily could have been written to accomplish that result.

The presumptive sentence for a second felony offender convicted of a class B felony is four years and six years for a third felony offender. AS 12.55.125(d)(1), (2). Osterback points out that his sentence of ten years with four years suspended is greater than the six-year presumptive sentence for a third felony offender.

In sentencing Osterback, Judge Steinkruger acknowledged the *Austin* rule and recognized that she could not impose a sentence in excess of four years of imprisonment unless she found that the case was exceptionally aggravated. However, Judge Steinkruger concluded that, if this had been a presumptive sentencing case, she would have found "the conduct constituting the offense was the most serious conduct included in the definition of the offense." AS 12.55.155(c)(10). She pointed out that T.E. was only thirteen years old at the time of this offense while Osterback was well into his thirties. Judge Steinkruger also emphasized Osterback's position as a school teacher and the student-teacher relationship. She noted the numerous instances of abuse with T.E. and also concluded that Osterback's action towards A.M. and B.P. constituted "grooming" behavior, where Osterback was attempting to prepare these young women for further sexual advances. She also recognized the extreme emotional damage that Osterback's sexual abuse appeared to have had on T.E.

The sentence which Judge Steinkruger imposed, ten years with four years suspended, is an exceptionally severe sentence for a first felony offender convicted of a class B felony. In *State v. Jackson*, 776 P.2d 320, 326 (Alaska App.1989), we set out sentencing ranges for first offenders convicted of class B felonies:

> [F]or an offense that is exceptionally aggravated—one that involves the existence of significant statutorily specified aggravating factors or other extraordinarily aggravated circumstances—a term of up to six years of unsuspended incarceration, the presumptive term for a third felony offender, would be justified.

Judge Steinkruger's imposition of ten years with four years suspended arguably exceeds even that guideline for exceptionally aggravated offenses to the extent that it imposes four years of suspended time in addition to the six year term of actual imprisonment. However, we believe that the reasons which Judge Steinkruger gave justified the sentence which she imposed and that she could properly emphasize Osterback's abuse of the student-teacher rela-

tionship in considering this to be an exceptionally aggravated case.

In *Goulden v. State*, 656 P.2d 1218 (Alaska App.1983), a forty-three-year-old school teacher was convicted for having sexual intercourse with a fourteen-year-old student. The offense was a class C felony at the time. *Id.* at 1220–21. We upheld a sentence of five years with three years suspended. *Id.* at 1222. We noted that Goulden had not had any sexual contact with the fourteen-year-old victim during school hours or at the school and that the trial judge had found that the victim was sexually experienced and had not been damaged by her experience with Goulden. *Id.* at 1221. However, we concluded that Goulden's position as a school teacher was one of trust and authority which was in some respects analogous to that of a parent or guardian who had sexual relations with a child who was "entrusted to his care under authority of law" was guilty of a class A felony at the time of Goulden's offense.[1] We concluded that under these circumstances it was not unreasonable for the trial court to consider Goulden a worst offender and the case to be a particularly serious one. *Id.* at 1222.

In *Jackson*, 776 P.2d at 321, we dealt with a case which involved a gymnastics teacher at a private school who had sexual intercourse with one of his students. We indicated that Jackson's "breach of trust might not have been as significant as it would have been had Jackson been [the victim's] teacher at school, or her parent or guardian." However, in disapproving a sentence which did not include any period of confinement, we found that Jackson's actions still constituted a serious breach of trust in taking advantage of one of his students. *Id.* at 328.

The position of authority which a teacher has over a young student is one of particular trust and importance. Parents are required by law to send their children to school and in doing so place a great deal of faith and trust in the school authorities and teachers. We believe that Judge Steinkruger could properly emphasize the breach of this trust relationship in concluding that this was an exceptionally aggravated case. The record also reflects that T.E. was severely emotionally damaged by her relationship with Osterback. Although Osterback did not intend to inflict this sort of damage, the emotional impact on T.E. was highly predictable and is one of the reasons why these offenses are treated so severely. We accordingly conclude that the sentence was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.

---

1. Under current AS 11.41.434 an offender who is eighteen years of age or older who engages in sexual penetration with a person who is eighteen years of age and who is entrusted to the offender's care by authority of law is guilty of an unclassified felony with a maximum sentence of thirty years and a presumptive term for a first felony offender of eight years. AS 12.55.-125.