**David L. DAVIS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2652.**

Court of Appeals of Alaska.

June 1, 1990.

Rehearing Granted in Part and Denied in Part July 19, 1990.

Linda K. Wilson, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Steven H. Morrissett, Dist. Atty., Palmer, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

David L. Davis was convicted, based upon his pleas of guilty, of numerous counts of sexual abuse of a minor in the second and third degree, which are class B and C felonies respectively, AS 11.41.-436(a)(1) and AS 11.41.438(a); two counts of attempted sexual abuse of a minor in the second degree, a class C felony, AS 11.31.-100 and AS 11.41.436(a)(1); five counts of harrassment, a class B misdemeanor, AS 11.61.120(a)(5); and sexual abuse of a minor, a class C felony under former AS 11.41.440(a)(1). Davis also pled guilty and was convicted of three charges of tampering with a witness in the first degree, a class C felony. AS 11.56.540(a)(1). Superior Court Judge Beverly W. Cutler imposed sentences on these charges which totalled twenty-six years and 210 days with twelve years and 120 days suspended. Davis appeals, arguing that the sentence is excessive. We reverse and remand for resentencing.

David L. Davis was forty-five years old at the time of sentencing. He had no prior record. He was ordained as a minister in the Baptist Church. He was also a certified alcohol substance abuse counselor. In 1982, Davis and his wife took custody of his niece, M.F., who was then fifteen years

old. Davis had a sexual relationship with M.F. which continued for several years.

In 1985, T.R., a young girl who turned thirteen on September 29 of that year, met Davis and M.F. at church in Houston, Alaska. T.R. told M.F. that she was having problems at home, and M.F. invited T.R. to counsel with Davis who was the director of counseling at the Far North Recovery Center. During the course of the counseling sessions, Davis and M.F. convinced T.R. that T.R. needed to make a commitment to Davis and to Christ. Davis then initiated a sexual relationship with T.R. which lasted until approximately Christmas of 1985 when T.R.'s family moved to Soldotna. At that time, T.R. told her stepmother about the sexual abuse, the abuse was reported to the authorities, and Davis was charged with sexual abuse of a minor. Davis' sexual contacts with M.F. and T.R. were the basis for several counts of sexual abuse of a minor.

In addition to the charges of sexual abuse of a minor, Davis was convicted of three counts of harassment. Each count of harassment involved a separate victim. Two of the victims went to Davis for counseling, and the third victim was an employee at the counseling center. Davis took advantage of the counseling sessions to initiate physical contact of a sexual nature with the victim.

Between the period of December 19, 1986, through March 1987, Davis, while released on bail, contacted M.F. in violation of his bail conditions. In spite of the bail conditions, Davis continued his sexual relationship with M.F. and influenced M.F. to testify falsely at the grand jury. Davis also gave M.F. summaries of his proposed testimony to induce her to testify falsely on his behalf at trial.

In sentencing Davis, Judge Cutler gave several reasons for concluding that this case was extremely aggravated. First, she emphasized that Davis' sexual conduct with

T.R. constituted a particularly serious offense. If T.R. had been under thirteen years of age when Davis first engaged in sexual penetration with her, Davis' conduct would have constituted sexual abuse of a minor in the first degree, an unclassified felony with a maximum sentence of thirty years and a presumptive sentence of eight years for a first felony offender. AS 11.-41.434(a)(1). Judge Cutler could certainly properly consider the fact that Davis' conduct bordered on being an unclassified felony in determining that Davis' crime was a particularly serious offense. *See Benboe v. State*, 698 P.2d 1230, 1232–33 (Alaska App.1985).[1]

Judge Cutler also found that this was a particularly serious set of offenses because Davis had abused a position of trust as a counselor and minister. T.R. and two of the victims involved in the harassment charges came to Davis for counseling. Davis took advantage of his position as a counselor to sexually exploit these victims. *See Osterback v. State*, 789 P.2d 1037 (Alaska App.1990). Davis also took advantage of his position as M.F.'s surrogate parent in that relationship.

Judge Cutler also found that this case was extremely aggravated because Davis' offenses involved numerous incidents of sexual abuse with numerous victims. She considered the offense to be extremely aggravated based on Davis' conduct in continuing his sexual relationship with M.F. and tampering with her testimony in spite of being released on bail conditions where he was under a court order not to have any contact with M.F.

We find ourselves in basic agreement that Davis' offenses are extremely aggravated for exactly the reasons which Judge Cutler articulated. Our disagreement stems from the fact that we believe that Judge Cutler erred in not analyzing Davis' sentence within the framework for class B

---

**1.** The state points out that T.R. testified at the grand jury that she was twelve years old when Davis first sexually penetrated her. Based on this testimony, the state originally charged Davis with sexual abuse of a minor in the first degree, an unclassified felony. However, the state dropped these charges after Davis entered pleas on the other charges. In her findings, Judge Cutler stated that T.R. was "just barely over the age that would have rendered this an unclassified felony."

felony offenses. Davis' most serious offenses were class B felonies. We believe that the proper way to analyze this case is to consider the law concerning the framework for the proper sentence for a class B felony.

In *State v. Jackson*, 776 P.2d 320, 326 (Alaska App.1989) (footnote omitted), we set out sentencing ranges for first offenders convicted of class B felonies:

1. A typical offender committing a typical or moderately aggravated offense should receive an unsuspended term of a year or more to serve. The upper limit in such cases should be four years, reflecting our decision in *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). In *Austin*, we indicated that first offenders should normally receive a sentence more lenient than the presumptive term for a second felony offender.

2. For an offense that is exceptionally aggravated—one that involves the existence of significant statutorily specified aggravating factors or other extraordinarily aggravated circumstances—a term of up to six years of unsuspended incarceration, the presumptive term for a third felony offender, would be justified.

It is difficult for us to reconcile Judge Cutler's sentence of over fourteen years to serve followed by a substantial period of suspended time with this class B felony framework. We believe that Davis must be sentenced based on the recognition that the most serious offense for which he was convicted was a class B felony. On the other hand, Davis' case would qualify as exceptionally aggravated for several independent reasons. We have previously outlined these reasons: Davis' conduct with T.R. bordered on being an unclassified felony; Davis abused his position of trust as a minister and counselor; Davis' case involved several separate victims and numerous acts of sexual abuse of a minor over a substantial period of time; following his release on bail, Davis resumed sexual contact with M.F. in violation of his bail conditions and tampered with M.F.'s testimony. Any of these factors taken alone would qualify Davis' case as being exceptionally aggravated under the guidelines set forth in *Jackson*. Given this, we believe that Judge Cutler was entitled to impose a sentence greater than the six years set forth for exceptionally aggravated cases in *Jackson*. However, we do not believe that Davis, as a first felony offender, could properly be sentenced to a period of imprisonment greater than the ten-year maximum sentence for a class B felony. We accordingly conclude that Davis' sentence should not have exceeded fifteen years with five years suspended. We believe that a sentence in this range adequately recognizes the fact that Davis' case is extremely aggravated in several independent ways. However, it also recognizes the fact that Davis' most serious offenses were class B felonies.[2]

The sentence is REVERSED and the case is REMANDED.

---

**2.** Our decision to limit Davis' sentence of time to serve to ten years is consistent with the analysis of the supreme court in *Mutschler v. State*, 560 P.2d 377, 380–81 (Alaska 1977). In that case, the supreme court cited with approval American Bar Association Standards on Sentencing Alternatives and Procedures to the effect that the court should impose a sentence greater than the maximum sentence authorized for one count "only after a finding that confinement for such a term is necessary to protect the public from further criminal conduct by the defendant." ABA Standard 3.4 at 24 (Approved Draft 1968). *See also Cleary v. State*, 548 P.2d 952 (Alaska 1976). We note that Judge Cutler did not make this finding in imposing sentence, and the record in this case would not seem to support such a finding.