Kevin CARROLL, Appellant,

v.

STATE of Alaska, Appellee.

No. A-4592.

Court of Appeals of Alaska.

Oct. 1, 1993.

Kevin F. McCoy, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Richard W. Maki, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Kevin Carroll pled no contest to two class B felonies: one count of assault in the second degree, AS 11.41.210(a)(1), and one count of sexual assault in the second degree, AS 11.41.420(a)–(1). As a first felony offender, Carroll was not subject to presumptive sentencing. Superior Court Judge Rene Gonzalez found Carroll's case to be exceptionally aggravated and imposed consecutive sentences totaling eight years' imprisonment (five years for the sexual assault and three years for the assault). Carroll appeals, contending that the sentencing court should not have imposed consecutive sentences and that his composite term is excessive. We affirm.

Carroll's convictions arise from an incident in which he hit a high school student who was on her way to school over the head with a hammer, threw her into the back of his van, and began to sexually assault her. Carroll terminated his efforts when his victim told him she was having her period. However, he then tied his victim up and abducted her in the van. After driving around for a short time, Carroll apologized to his victim, kissed her, and released her in front of her school.

At the time of this offense, Carroll was thirty five years of age. Although a first felony offender, Carroll had two previous DWI convictions and evidently suffered from a longstanding substance abuse problem. In addition, Carroll had a lengthy history of sexually abusing children. In two prior civil cases in which Carroll had been a party—one a 1985 action involving Carroll's right to visitation with a minor son and the other a 1987 CINA proceeding involving two other minors—the superior court formally found that Carroll had engaged in multiple acts of sexual abuse with various children. A psychological evaluation prepared in connection with the 1987 CINA proceeding found Carroll to suffer

from a narcissistic personality disorder with antisocial traits and a lack of impulse control.

Despite the two prior civil adjudications and the 1987 psychological evaluation, Carroll had never obtained—or even sought—treatment for his problems. An additional psychological evaluation prepared in connection with Carroll's current charges essentially confirmed the original diagnosis and found Carroll's prospects for rehabilitation to be guarded.

Given the totality of the circumstances surrounding Carroll's current offense Judge Gonzalez found that Carroll's conduct was among the most serious included in the definition of second-degree sexual assault. *See* AS 12.55.155(c)(10). The judge further found both of Carroll's offenses aggravated in light of Carroll's history of repeated instances of assaultive behavior. *See* AS 12.55.155(c)(8).

In sentencing Carroll to consecutive sentences totaling eight years in prison, Judge Gonzalez emphasized the seriousness of Carroll's conduct when viewed in light of his psychological evaluation and history of sexually deviant behavior. Judge Gonzalez concluded that Carroll appeared to be an exceptionally dangerous offender who had little if any insight into his problems and whose prospects for rehabilitation were guarded, at best. In the judge's view, an exceptionally lengthy sentence was necessary for purposes of individual deterrence and in order to protect the public.

On appeal, Carroll argues that consecutive sentences exceeding the *Austin* limit [1] were inappropriate in his case. However, Judge Gonzalez expressly found that Carroll's case was exceptional and warranted a departure from *Austin*. The record supports this conclusion. Carroll's longstanding history of sexually assaultive conduct, his psychological problems, his past failure to make any realistic effort toward rehabilitation, the potentially life-threatening nature of Carroll's physical attack on his current victim, and the fact that Carroll's ensuing acts in effect amounted to attempted

1. *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981).

rape and kidnapping, qualify Carroll's crimes for treatment as extraordinarily aggravated first offense class B felonies.

Although Carroll maintains that his total term of eight years is disproportionately long in comparison with other first offenders convicted of class B felonies, he compares his case with cases involving offenders whose assaultive histories were less extensive than his own and whose conduct was significantly less serious. *See, e.g., Skrepich v. State*, 740 P.2d 950 (Alaska App.1987); *Benboe v. State*, 698 P.2d 1230, 1231–33 (Alaska App.1985); *Howard v. State*, 664 P.2d 603, 611–12 (Alaska App. 1983). Given Carroll's background and the seriousness of the conduct for which he was convicted, his case could as readily be compared to those of offenders for whom we have approved sentences significantly longer than Carroll's. *See, e.g., Davis v. State*, 793 P.2d 1064, 1066 (Alaska App. 1990); *Kirlin v. State*, 779 P.2d 1251, 1253 (Alaska App.1989). *Cf. Nylund v. State*, 716 P.2d 387, 390–91 (Alaska App.1986).

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.