Clarence WILLIAMS, Appellant,

v.

STATE of Alaska, Appellee.

No. 6248.

Court of Appeals of Alaska.

Nov. 26, 1982.

Robert B. Downes, Cole & Downes, Fairbanks, for appellant.

Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Clarence Williams was charged with the first degree murder of his wife, Nancy, AS 11.41.100(a)(1). The state alleged that Williams paid Lawrence Hoover to kill Nancy Williams. The facts regarding the murder are set out in our opinion in *Hoover v. State,* 641 P.2d 1263 (Alaska App.1982) and will not be repeated here. Williams pled *nolo contendere* and thereafter filed a motion to withdraw his plea. The trial court denied the motion and Williams appeals. He argues that under our decision in *Love v. State,* 630 P.2d 21 (Alaska App.1981), he was entitled to withdraw his plea. We have carefully reviewed the record and hold that the trial court was not clearly mistaken in concluding (1) that withdrawal was not necessary to prevent a "manifest injustice" and (2) that allowing Williams to withdraw his plea would subject the prosecution to "substantial prejudice."[1] Given these fact findings supported by evidence in the record, it is not necessary for us to determine whether Williams established "any fair and just reason" for withdrawing his plea. The trial court did not abuse its discretion in denying Williams relief.

Williams also argued that a ninety-nine year sentence imposed for first degree murder was clearly excessive. We rejected a similar argument by Williams' co-defendant in *Hoover v. State,* 641 P.2d 1263 (Alaska App.1982). Williams argues that he should have received a lesser sentence than Hoover since the state believed that Hoover pulled the trigger. Assuming *arguendo* that Williams is correct that Hoover fired the fatal shots, we do not believe this fact standing alone entitles him to more lenient treatment. There was substantial evidence that Williams masterminded the killing and sought out Hoover for that purpose. The trial court carefully considered the evidence in light of the standards set out in *State v. Chaney,* 477 P.2d 441 (Alaska 1970) and reached a result that was not clearly mistaken. *See McClain v. State,* 519 P.2d 811 (Alaska 1974).

The judgment of conviction and sentence are AFFIRMED.

---

1. The state showed that in reliance on the plea, it had released a number of material witnesses who were either clearly unavailable or whose availability was in substantial doubt. Judge Blair found that Williams was attempting to manipulate the court by entering a plea and then withdrawing it in the hope that the state's case would be damaged by this tactic. This finding is supported by substantial evidence.