Tommy K. **NINGEALOOK**, Petitioner,

v.

**STATE of Alaska**, Respondent.

No. A–329.

Court of Appeals of Alaska.

Dec. 7, 1984.

Susan E. Stewart, Gilmore & Feldman, Anchorage, for petitioner.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Tommy K. Ningealook was arrested in Nome for the murder of Gertrude Ningealook. He entered a plea of not guilty to the charge of first-degree murder. AS 11.41.-100(a)(1). On January 16, 1984, Ningealook and his counsel appeared for trial call in Nome. At this time, he requested a continuance of the trial date until February. The request was denied. On January 17, the morning the trial was scheduled to begin, Ningealook entered a no contest plea to second-degree murder. AS 11.41.110(a).

On February 6, 1984, Ningealook filed a motion to withdraw his plea. Ningealook filed an affidavit in support of his motion in which he first claims that he did not have adequate time to discuss entering the no contest plea with his attorney. Second, he claims that he was afraid to go to trial because he did not understand trial procedure, the nature of the evidence which was going to be presented against him, and the evidence which could be produced in his favor. Third, he claims that he did not fully understand a no contest ° plea. Fourth, he claims he is innocent of the murder charge.

Ningealook's attorney also filed an affidavit which reflects the attorney's recollection of the events surrounding the entry of Ningealook's no contest plea and the attempt to withdraw it. According to the affidavit, Ningealook and his attorney briefly discussed the possibility of having Ningealook plead no contest to a charge of second degree murder about two weeks before trial. Almost a full week prior to trial Ningealook and his attorney again discussed the possibility of Ningealook changing his plea to no contest. Ningealook asked his counsel to seek a continuance to give him more time to consider this decision; however, the state opposed a continuance and Ningealook never pressed for a continuance on this ground. On Monday, January 16, the day before trial, Ningealook and his attorney apparently fully discussed entering a no contest plea. Ningealook agonized over his decision on the 16th and that evening telephoned his attorney to tell him that he wanted to enter a no contest plea to second degree murder. The next day, in discussions with his attorney, Ningealook affirmed his decision to enter a plea and then entered his plea in court.

According to the affidavit filed by Ningealook's attorney, Ningealook called the attorney on January 18, 1984, the day after Ningealook had entered his no contest plea. Ningealook wanted to withdraw his plea. The attorney told Ningealook to consider the matter further and to call him on January 22, 1984. Ningealook called his attorney on that date and confirmed his desire to withdraw his no contest plea. The attorney called the district attorney the next day to inform him of Ningealook's decision. After further discussions with his attorney, Ningealook filed his motion to withdraw his no contest plea on February 6, 1984.

The trial judge held a hearing on Ningealook's motion to withdraw his no contest plea. He made the following findings at the conclusion of the hearing: (1) that Ningealook had failed to show a fair and just reason why he should be allowed to withdraw his plea; (2) that the state would suffer substantial prejudice if Ningealook

were permitted to withdraw his plea; and (3) that Ningealook was attempting to manipulate the court. Ningealook contends the trial court's findings are clearly erroneous. He contends the findings are not supported by the record and therefore the trial court abused its discretion by denying his motion. We affirm the trial court's decision and remand for sentencing.

■ The procedure for plea withdrawals is governed by Alaska Rule of Criminal Procedure 11(h). The portion of that rule which is applicable to this appeal reads:

> (2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

Where a motion to withdraw a plea is made before sentencing, "the motion to withdraw the plea should be looked at with liberality if the prosecution would not be prejudiced by the withdrawal of the plea. However ... the trial court ha[s] substantial discretion to grant or deny a motion and .... the defendant must show a 'fair and just reason' to withdraw the plea." *Travelstead v. State*, 689 P.2d 494, 497, (Alaska App., October 5, 1984); *Love v. State*, 630 P.2d 21, 23–25 (Alaska App.1981).

■ We have reviewed the record and conclude that the trial judge did not abuse his discretion in denying Ningealook's motion to withdraw his no contest plea. The trial judge could properly conclude that Ningealook had sufficient time to discuss his no contest plea with his attorney and that Ningealook understood the nature of his plea. Ningealook was represented by competent counsel who apparently fully discussed the no contest plea with Ningealook before he entered his plea. There is no indication of any breakdown in the attorney-client relationship such as occurred in *Love v. State*, 630 P.2d 21 (Alaska App. 1981).

The trial judge could also properly conclude that Ningealook understood the nature of the charges against him and that Ningealook understood what he was doing when he entered a no contest plea to second degree murder. In this respect Ningealook's case is different from *Wahl v. State*, 691 P.2d 1048 (Alaska App.1984), where we concluded that the defendant had shown a fair and just reason to withdraw his plea. Wahl had made a unilateral mistake concerning the existence of an agreement on sentencing. *See also Bratcher v. State*, 681 P.2d 358 (Alaska App.1984). The trial judge followed Criminal Rule 11 in taking Ningealook's plea, and there is no indication that Ningealook did not understand the charge or know what he was doing in entering a no contest plea. The trial judge was able to observe Ningealook's demeanor during the proceedings. He noted that Ningealook has a high school education and had previously entered a no contest plea in 1983 for a charge of driving while intoxicated. Under these circumstances, the trial court could properly conclude that Ningealook had not shown that there was any defect in the plea proceeding or that Ningealook misunderstood the nature of his plea.

The trial court concluded that Ningealook had entered his plea to manipulate the system and found that Ningealook wanted a continuance in order to further consider his plea of no contest and to postpone the ordeal of going through a trial. The record reflects that Ningealook sought a continuance agreement from the prosecution to have more time to consider changing his plea. When this attempt to gain more time failed, he moved the court for a continuance on other grounds the day preceding trial. This was denied and the following day, the morning of trial, Ningealook entered his plea of no contest to second-degree murder. From this sequence of events, particularly when we consider the trial judge's ability to observe the defendant and the proceedings, the trial court

could reasonably find that Ningealook entered his plea to manipulate the system to obtain a continuance. Based on the finding that Ningealook fully understood his no contest plea and the finding that Ningealook entered that plea to manipulate the system, the trial judge could conclude that Ningealook did not establish a fair and just reason for withdrawing his no contest plea.

In addition to finding that Ningealook did not establish a fair and just reason for withdrawing his plea, the trial court also found that the state would suffer substantial prejudice from allowing Ningealook to withdraw his plea and proceed to trial. The trial judge found the state had subpoenaed approximately twenty witnesses, including several expert witnesses from out-of-state. In addition, the trial judge noted that a codefendant whom the prosecution expected to testify as a key witness against Ningealook, William Iyatunguk, had been held for several months without being sentenced. The prosecution did not want Iyatunguk sentenced until after Ningealook's trial. Iyatunguk had expressed a desire to be sentenced as soon as possible and the trial judge found that there was a risk that Iyatunguk might become uncooperative if his sentence was further delayed. The trial judge also found that a trial in this case could not be reset for several months and that, therefore, there was a strong possibility that the state would have problems obtaining all of their witnesses for trial. Although the showing of prejudice to the prosecution is nowhere near as strong as in *Williams v. State*, 655 P.2d 779, 780 n. 1 (Alaska App.1982), where the trial court found that the state had "released a number of material witnesses who were either clearly unavailable or whose availability was in substantial doubt," there is an indication that the state might suffer some prejudice if the trial judge permitted Ningealook to withdraw his no contest plea.

Given the trial court's findings concerning Ningealook's reason for withdrawing his plea, coupled with the potential prejudice to the state, we conclude that the trial judge did not abuse his discretion in re-

fusing to allow Ningealook to withdraw his plea.

AFFIRMED.