**Kenneth A. WAHL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–204.**

Court of Appeals of Alaska.

Dec. 7, 1984.

---

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

On April 18, 1983, Kenneth A. Wahl changed his plea to guilty on a charge of first-degree murder. His sentencing was set for July 12. Wahl moved to withdraw his plea of guilty on May 27, claiming that at the time he entered his plea he thought there was an agreement with the state that in exchange for his plea of guilty he would be sentenced to thirty years' imprisonment. After a hearing, Superior Court Judge Victor D. Carlson found no fair and just reason for allowing withdrawal of the plea and denied Wahl's motion. Wahl appeals, contending that the trial court erred in denying his motion. We reverse.

A standard inquiry was conducted pursuant to Alaska Criminal Rule 11[1] when Wahl changed his plea to guilty on April 18, 1983. The court accepted Wahl's guilty plea as knowing and voluntary. On April 29, Wahl's attorney, Eric Hanson, met with Wahl for the first time following the change of plea hearing. When Hanson began to discuss sentencing, Wahl interrupted, stating, "All I know is that you told me to change my plea and that I'd get a thirty year sentence." Hanson informed Wahl that there was no such sentencing agreement; Wahl then told Hanson he wanted to withdraw his guilty plea. Hanson filed a pretrial motion to withdraw the guilty plea on May 27. The motion was supported by an affidavit in which Wahl stated that, when he changed his plea, he believed an agreement had been made with the prosecution for a sentence of no more than thirty years' imprisonment.

A hearing on Wahl's motion was conducted on June 15, 1983. The state called Hanson as a witness. Hanson testified that prior to the change of plea hearing he and Wahl had discussed the options of a plea or trial and he had informed Wahl that the prosecutor believed Wahl might get a thirty to forty-year sentence if he pled guilty. Hanson further testified that there was no sentencing agreement with the prosecutor and that he did not tell Wahl that there was such an agreement. However, Hanson stated that, in retrospect, he could see how Wahl might have come to believe that there was an implied sentencing agreement with the prosecution.

In denying Wahl's withdrawal motion, Judge Carlson noted that there must be a fair and just reason to permit a plea withdrawal. The judge concluded:

In this case there's no reason whatsoever. Mr. Wahl—during the taking of the plea denied that there was any promises. He acknowledged that the sentence range was 20 to 99 years. I don't think it could have been any more clear, he was very communicative, he wasn't under—according to the record any more

---

1. Alaska R.Crim.P. 11 provides, in relevant part:
 (c) *Pleas of Guilty or Nolo Contendere.* The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
 (1) determining that he understands the nature of the charge; and
 (2) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury or trial by a judge and the right to be confronted with the witnesses against him; and
 (3) informing him:
 (i) of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered, and

(ii) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty.
 (d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire of the prosecuting attorney, defense counsel and the defendant himself to determine whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.

pressure than anyone else is during that plea—the taking of the plea. Therefore I find that [*Love v. State*, 630 P.2d 21 (Alaska App.1981)] doesn't stand for withdrawal in every situation at the request of the defendant, it stands for the interpretation of the rule that a fair and just reason must exist before the court may exercise its discretion to permit withdrawal of a plea. I do not find any reason whatsoever in this case, let alone a fair and just reason and therefore the motion is denied.

Plea withdrawal is governed by Criminal Rule 11(h), which provides, in relevant part:

Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

Alaska R.Crim.P. 11(h)(2).

■ In this case Wahl filed a motion to withdraw his plea prior to sentencing. His motion must thus be evaluated in light of the "fair and just reason" provision of Criminal Rule 11(h), rather than the "manifest injustice" provision. In *Love v. State*, 630 P.2d 21 (Alaska App.1981), we emphasized that, while permitting withdrawal of a plea is within the sound discretion of the trial court, presentence requests for withdrawal of pleas should be granted liberally. *See also Travelstead v. State*, 689 P.2d 494 (Alaska App.1984).

■ To be sure, under Criminal Rule 11(h) the defendant bears the burden of establishing a fair and just reason for withdrawal of his plea. However, the question whether a defendant has met the burden of

establishing a fair and just reason cannot be resolved in a vacuum, but must be considered in light of the totality of the circumstances in each case. In each case, the reason given by the defendant for withdrawal of a plea must be examined in light of factors such as the extent of delay in making the request, the amount of prejudice to the prosecution, and the possibility that the request constitutes an attempt by the defendant to manipulate the proceedings in order to obtain an unfair tactical advantage.

For example, in *Love v. State*, 630 P.2d at 25, we held that Love should have been allowed to withdraw his plea after making a substantial showing that at the time his plea was entered there had been a breakdown in the attorney-client relationship. In reaching the conclusion that a fair and just reason had been shown, we noted that Love's motion to withdraw his guilty plea was made only one month after the plea was entered and that the state did not allege that it would suffer any prejudice if Love was allowed to withdraw his plea and proceed to trial. In *Travelstead v. State*, 689 P.2d at 497, we held that the trial court did not abuse its discretion in refusing to permit Travelstead to withdraw his plea of *nolo contendere*. In finding that no fair and just reason for withdrawal of the plea had been established, we considered that Travelstead's motion to withdraw was filed seven months after he entered his *nolo contendere* plea and that, in the interim, he had received a lengthy sentence from a different judge on related charges. In *Williams v. State*, 655 P.2d 779 (Alaska App. 1982), we held that the trial court did not abuse its discretion in denying Williams relief, since allowing Williams to withdraw his plea would have subjected the prosecution to substantial prejudice.[2]

In the present case, Wahl's first request to withdraw his guilty plea was made to

---

**2.** In *Williams* we also relied on the trial court's finding that Williams' motion was an effort to manipulate the system in his favor. *Accord, Ningealook v. State*, 691 P.2d 1053 (Alaska App. 1984) (motion to withdraw plea properly denied where defendant's plea of nolo contendere and

subsequent motion to withdraw that plea reflected an effort to circumvent trial court's denial of a pretrial request for a continuance). *See also Barker v. United States*, 579 F.2d 1219, 1222, 1224 (10th Cir.1978).

Hanson only ten days after the change of plea hearing, the first time Hanson met with Wahl after Wahl changed his plea. Although a substantial period of additional time elapsed before the motion was actually filed, it is undisputed that this delay is attributable to Hanson and not to Wahl. In response to Wahl's motion, the state did not allege that it would suffer any prejudice if Wahl were permitted to withdraw his plea. Nor is there anything in the record or in the circumstances surrounding the filing of Wahl's motion to suggest that Wahl was attempting to manipulate the system to his personal advantage.

 Despite these circumstances, Judge Carlson denied Wahl's motion, concluding that no fair and just reason had been shown to permit withdrawal of Wahl's plea. Judge Carlson apparently concluded, as a matter of law, that Wahl's mistaken belief in the existence of a sentencing agreement could not constitute a fair and just reason for withdrawal of his plea.[3] However, we believe that under appropriate circumstances a defendant's reliance on a mistaken but good faith belief that a sentencing agreement has been made can constitute a fair and just reason for withdrawal of a guilty plea prior to sentencing, even if the mistaken belief is unilateral.

 If the trial court has failed to comply substantially with the requirements of Criminal Rule 11(b) and (c) during the change of plea hearing, a defendant is entitled, as a matter of right, to withdraw his plea. *Bratcher v. State*, 681 P.2d 358, 361 (Alaska App.1984). However, in order to establish a fair and just reason to withdraw his guilty plea prior to sentencing under Criminal Rule 11(h), a defendant need not allege or prove that the plea was involuntarily entered. If the defendant can show the existence of "any fair and just reason," he should be permitted to withdraw his plea, even if the plea was voluntary under Criminal Rule 11(b) and (c).[4] Nor should a defendant who argues that a reason is fair and just be estopped merely because the reason relied on is inconsistent with statements made by the defendant during the change of plea hearing. As has frequently been noted, a defendant's responses to judicial questioning during a change of plea hearing are notoriously unreliable. *See, e.g., United States v. Roberts*, 570 F.2d 999, 1007 n. 23 (D.C.App.1977).[5]

---

3. The state urges us to construe Judge Carlson's decision as a finding that the allegations made by Wahl in moving to withdraw his plea were not credible and that Wahl never actually believed a sentencing agreement existed when he changed his plea to guilty. If Judge Carlson's ruling was construed in this manner, it would be subject to reversal only if clearly erroneous. *See, e.g., Waring v. State*, 670 P.2d 357, 364 n. 15 (Alaska 1983). However, we decline to adopt the state's interpretation of Judge Carlson's remarks. Judge Carlson did not reject Wahl's claim as a factual matter or find that Wahl did not actually believe there was a sentencing agreement in effect when he changed his plea. Moreover, Judge Carlson did not reject Hanson's testimony, which expressly indicated that, although Hanson never told Wahl that a sentencing agreement existed, he could understand how Wahl might have concluded that an implied agreement did exist. We are satisfied that the remarks made by Judge Carlson in denying Wahl's motion to withdraw his plea of guilty clearly indicate the judge's view that the reason given by Wahl for seeking to withdraw his plea was true but legally insufficient.

4. *See, e.g., Love v. State*, 630 P.2d 21, 26 (Alaska App.1981) (Judge Schulz, dissenting): "Judge Rowland conducted as complete and fair a change of plea proceedings as can be imagined. The judge was sensitive to Love's position throughout, and was careful in the extreme to make sure that Love understood all of his rights, giving Love every opportunity to explain his understanding of the 'deal.' "

5. Of course, statements made by the defendant during a change of plea hearing may in some instances be highly relevant to the truthfulness of inconsistent statements made in support of a subsequent motion to withdraw a plea. Obviously, a person who relies upon reasons that are not genuine in seeking to withdraw a guilty plea has not met the burden establishing a fair and just reason for withdrawal of the plea. In such cases, however, the crucial issue is one of credibility, an issue that should be determined based on a realistic consideration of the totality of the circumstances in each case. Statements made by a defendant in support of a plea withdrawal motion should not be rejected out of hand merely because they are inconsistent with statements made during the change of plea hearing; nor should statements automatically be credited merely because they were made in the course of a formal change of plea hearing.

The state argues that in *Winkler v. State*, 580 P.2d 1167 (Alaska 1978), our supreme court held that a defendant's subjective belief in the existence of a sentencing agreement was insufficient to permit withdrawal of his plea. But Winkler's motion to withdraw his plea was made after sentencing; the supreme court held that Winkler's mistaken belief did not amount to a manifest injustice, the more stringent standard that applies when withdrawal of a plea is sought after imposition of sentence. *Id.* at 1172. In the circumstances of this case, where Wahl's motion was timely, no prejudice was claimed by the prosecution, and there is no indication that Wahl was attempting to manipulate the criminal justice system, we find that Wahl's good faith, unilateral mistake about the existence of a sentencing agreement constituted a fair and just reason to permit withdrawal of his plea before sentencing.

 In so ruling, we acknowledge the state's legitimate concern that pleas of guilty and *nolo contendere* not be taken lightly. However, in cases such as this, general concern for the integrity of guilty pleas must yield to the paramount importance of the defendant's right to insist that the state be required to meet its burden of proving guilt beyond a reasonable doubt at trial. Where a motion to withdraw a guilty or *nolo contendere* plea is filed prior to sentencing, the court has a compelling interest in assuring that the state does not suffer unfair prejudice and that the defendant does not secure an unfair advantage. Beyond its interest in these specific concerns, however, the court will have little reason to insist on stringent and inflexible pursuit of more abstract goals, such as upholding the solemnity of guilty pleas, preserving the finality of criminal proceedings, or furthering judicial economy. In short, absent unfair prejudice to the state or unfair advantage to the accused the arguments against permitting withdrawal of a plea prior to sentencing weaken considerably; the test of what constitutes a fair and just reason for withdrawal should be commensurately less demanding.

We hold that the trial court abused its discretion in denying Wahl's motion to withdraw his plea. This case is REMANDED with directions that Wahl be permitted to withdraw his plea of guilty.