Alexander N. RESEK, Sr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–787.

Court of Appeals of Alaska.

March 21, 1986.

Monica Jenicek, and Trena L. Heikes, Stone, Waller & Jenicek, Anchorage, for appellant.

Alexander N. Resek, Sr., in pro. per.

Robert D. Bacon, Asst. Atty. Gen., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Alexander Resek, in accordance with plea negotiations, pleaded no contest to fifteen counts of misconduct involving a controlled substance in the third degree (cocaine), AS 11.71.030(a)(1), and to one count of misconduct involving a controlled substance in the first degree (engaging in a continuing criminal enterprise), AS 11.71.-010(a)(3). Resek has appealed arguing that he should have been allowed to withdraw his plea, and that he received ineffective assistance of counsel because of a statutory limit on the compensation his appointed counsel could receive. He also argues that his sentence was excessive. We affirm both Resek's conviction and sentence.

The state indicted Resek, along with five members of his immediate family, for sixty-one counts of misconduct involving a controlled substance. Early in May 1984, the state rejected a proposed plea agreement, under which Resek would have pleaded guilty to all of the counts and the members of Resek's family would plead to lesser charges. Resek's appointed counsel also investigated the possibility of a deal for Resek alone, but stated that he was under the impression that the state would only consider a plea involving the entire family.

On May 17, the state indicated that it was again willing to discuss a plea agreement. Resek, his family members, and their attorneys met in a jury room to discuss what plea proposal to make to the state. This meeting took several hours and was emotionally charged. Although the state had not expressly stated that it would only accept a plea offer involving all of the defendants, attorneys for individual members of the Resek family were under the impression that the state would consider only a "package-deal." Resek, at one point in the discussion, asked if he could proceed to trial and let the others plead; the state rejected this offer.

Just before noon on May 17, Resek and his family all finally agreed to plead. Resek was very concerned throughout the negotiations that his family get a "good deal." He was the last person to agree to the plea bargain. After reaching the agreement, Resek and his family immediately went before Judge Ralph E. Moody to enter their pleas. Initially, Resek was to have entered his plea first, but because Resek wanted to insure that his family members' pleas were accepted as a condition to his own plea, his plea was delayed until the others had pled. After accepting the other parties' pleas, the court conducted an extensive *voir dire* of Resek to insure that he was knowingly and voluntarily entering his plea. Judge Moody then accepted Resek's no contest plea to fifteen counts of misconduct involving a controlled substance in the third degree, and one count of engaging in a continuing criminal enterprise.

Within twenty-four hours of entering his plea, Resek indicated that he wanted to withdraw his plea. Resek's appointed counsel moved to withdraw as counsel on the plea-withdrawal matter because he was "undoubtedly part of the problem in Mr. Resek's mind." Judge Moody appointed separate counsel to assist Resek in determining if a motion to withdraw plea would be meritorious. On June 8, 1984, Resek formally moved to withdraw his plea.[1]

On August 14, 1984, Judge Moody held a hearing on Resek's motion to withdraw his plea. Counsel for all of the parties involved in the plea negotiations were called

---

1. Resek moved to withdraw only his own plea. The apparent intent of the motion was that Resek's family members' pleas would remain in effect.

to testify as to the circumstances surrounding Resek's plea. After hearing the testimony, Judge Moody denied Resek's motion to withdraw his plea, finding that Resek's plea withdrawal was an attempt to manipulate the system, that Resek had received effective assistance of counsel, that the state had not offered a "package-deal" plea agreement, and that the state would suffer prejudice if Resek was allowed to withdraw his plea.

Judge Moody sentenced Resek to a total sentence of thirty years on the fifteen counts of misconduct involving a controlled substance in the third degree, (MICS) a class B felony. Judge Moody then sentenced Resek to forty years on the continuing criminal enterprise count, an unclassified felony, concurrent with the sentences for the MICS counts. Therefore, Resek's total sentence was forty years to serve. In addition, Judge Moody also imposed a fine of $75,000.

Resek now appeals his conviction and sentence.

## I.

Resek's contends that Judge Moody erred in denying his motion to withdraw his plea. Resek contends that he had a "fair and just" reason to withdraw his plea because the state's "package-deal" plea agreement put undue pressure on him to plead. Resek also contends that Judge Moody erred in finding that the state would be prejudiced by the withdrawal, and that Resek was attempting to manipulate the system. We consider Judge Moody's finding that Resek was attempting to manipulate the system to be dispositive.

Alaska Rule of Criminal Procedure 11(h)(2) provides:

Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. *Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.* [Emphasis added.]

In *Love v. State*, 630 P.2d 21, 24 (Alaska App.1981), we recognized that "withdrawal of a guilty plea should be freely allowed unless the prosecution has been substantially prejudiced." We emphasized the trial court's discretion in granting or rejecting a motion to withdraw a plea. *Id.* In *Wahl v. State*, 691 P.2d 1048, 1051 (Alaska App. 1984), we stated that the trial court should consider the totality of the circumstances in evaluating motions to withdraw a plea. The totality of the circumstances include the extent of the defendant's delay in making his request to withdraw plea, the amount of prejudice to the prosecution, and the possibility that the defendant is attempting to manipulate the proceedings to gain an unfair tactical advantage.

Resek first indicated that he wanted to withdraw his plea within twenty-four hours after entering his plea so no problems of delay exist. However, Judge Moody found that by entering and then withdrawing his plea, Resek was attempting to manipulate the court system. Judge Moody based his conclusion on the following facts: Resek had proposed pleading to all of the charges two weeks before entering into the ultimate plea bargain; Resek had "plenty of time" to consider entering a plea; and Resek was deliberately using his plea to help his co-defendants.

In *Ningealook v. State*, 691 P.2d 1053 (Alaska App.1984), the defendant sought a continuance agreement from the prosecution to have more time to consider changing his plea. When this attempt to gain more time failed, he moved the court for a continuance on other grounds, the day before trial. Again, the motion to continue was denied, and the morning of trial the defendant entered his plea of no contest to second-degree murder. *Id.* at 1055. We stated that "[f]rom this sequence of events, particularly when we consider the trial judge's ability to observe the defendant and the proceedings, the trial court could reasonably find that [the defendant] en-

tered his plea to manipulate the system." *Id.* at 1055–56.

 Like in *Ningealook*, the facts in Resek's case support Judge Moody's finding that Resek was attempting to manipulate the system. Resek's counsel testified that Resek had decided to plead to all of the charges before May 17th. In addition, Resek's counsel testified that, although Resek's attitude on pleading varied, Resek was always concerned with insuring that his family got a "good deal." Resek told his appointed counsel at one point that he would take the heat "if his family would be treated well." Additionally, when the pleas were changed, Resek wanted to make sure that his family received the pleas they had negotiated, therefore, Resek insisted on pleading last. Only after all of his family's pleas were entered, did Resek move to withdraw his plea. Based upon these facts, we conclude that Judge Moody did not err in denying Resek's motion to withdraw plea.[2]

### II.

 Resek next contends that he received ineffective assistance of counsel because his appointed counsel's remuneration was statutorily limited, thereby creating a "conflicting consideration." *See Risher v. State*, 523 P.2d 421, 424 (Alaska 1974). Resek does not allege that his appointed counsel failed to show the skill, judgment, and diligence of reasonably competent defense counsel. In fact, Judge Moody specifically found that Resek's appointed counsel had represented Resek competently. Thus, the thrust of Resek's argument is that the statutory payment scheme for ap-

pointed counsel creates a *per se* impairment of effective assistance of counsel.

We find Resek's contention without merit. In asserting a claim of ineffective assistance of counsel, a defendant is required to show that his attorney acted below the standard of competency, and that his conviction would not have resulted but for the incompetency. *Springer v. State*, 666 P.2d 431, 435 (Alaska App.1983). In *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) the Supreme Court addressed an argument based on a general allegation that the short time period that defense counsel had to prepare for trial created an inference of ineffectiveness. The court stated:

> [W]e begin by recognizing that the right to effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. *Absent some effect of challenged conduct on the reliability of the trial process*, the Sixth Amendment guarantee is generally not implicated.

*Cronic*, 466 U.S. at ——, 104 S.Ct. at 2046, 80 L.Ed.2d at 667 (emphasis added).

We do not find that the statutory fee schedule for appointed counsel creates a circumstance that justifies a presumption of ineffectiveness without inquiry into counsel's actual trial performance. Lawyers have traditionally been responsible for representing indigent clients without regard to compensation. *See Wood v. Superior Court*, 690 P.2d 1225, 1228 (Alaska 1984); *see also Arnold v. State*, 685 P.2d 1261, 1266 (Alaska App.1984) (client's lack

---

**2.** We find merit in the reasoning of *In Re Ibarra*, 34 Cal.3d 277, 193 Cal.Rptr. 538, 666 P.2d 980 (Cal.1983), which states that when a trial court is taking a plea in connection with a "package-deal" plea agreement, careful questioning of the defendant must take place to insure that the plea-agreement did not unduly influence the defendant's decision to plead. Under *Ibarra*, the trial court should first determine whether the inducement for the plea is proper. Then, the court should consider the factual basis for the guilty plea, the nature and degree of coerciveness, and whether the promise of le-

niency to a third party was a significant consideration in the defendant's choice to plead guilty. Lastly, the court should consider other factors such as the age of the defendant, whether the defendant or prosecutor initiated plea negotiations, and whether charges have already been pressed against the third party. *Id.,* 193 Cal. Rptr. at 544–45, 666 P.2d at 986–87.

However, regardless of Judge Moody's finding that there was not a "package-deal" plea agreement, we find that in the present case Judge Moody conducted a *voir dire* sufficient to satisfy the above rules.

of financial resources does not free an attorney who has agreed to represent a client from the obligation to provide adequate representation). Resek does not argue that his appointed counsel's representation at trial was ineffective. Indeed, the record supports Judge Moody's finding that Resek's appointed counsel acted competently. Therefore, we do not find reversible error.

### III.

Finally, Resek argues that the sentence he received, a total of forty years, is excessive. Judge Moody divided the fifteen counts of misconduct involving a controlled substance in the third degree, AS 11.71.-030(a)(1), into three groups of five. He sentenced Resek to ten years on each count, each group of five concurrent within the group, but consecutive to the other groups of five, for a total sentence of thirty years. Judge Moody then sentenced Resek to forty years for the one count of misconduct involving a controlled substance in the first degree, AS 11.71.-010(a)(3), (engaging in a continuing criminal enterprise), concurrent with the other sentences. Therefore, Resek was sentenced to a total of forty years to serve. In addition, Resek was ordered to pay a fine of $75,000.

This is the first time a sentence under AS 11.71.010(a)(3) has come before this court. Our statute was patterned after the federal continuing criminal enterprise statute, 21 U.S.C. § 848. *See* Ch. 45, § 1, SLA 1982 (purpose of Alaska Act is to revise drug laws in conformance with Federal Controlled Substances Act). The Eleventh Circuit Court of Appeals recently discussed the policies behind sentencing under 21 U.S.C. § 848 as follows:

> The general offense, engaging in a continuing criminal enterprise, is the most serious of all the drug-related of-

fenses proscribed in Title 21.... [T]he offense is more serious than the others in that it poses a greater danger to society. The offense is also more serious in terms of the defendant's culpability.... The legislative history of the act reveals that

> [t]his section 408 [21 U.S.C. § 848] is the only provision of the bill providing minimum mandatory sentences, and is intended to serve as a strong deterrent to those who otherwise might wish to engage in the illicit traffic, while also providing a means for keeping those found guilty of violations out of circulation.

*United States v. Darby*, 744 F.2d 1508, 1527 (11th Cir.1984).

The federal courts have upheld numerous sentences comparable with the sentence imposed here for offenses similar to those committed by Resek. *See, e.g., Darby*, 744 F.2d at 1529 (sentence of sixty years and fine of $100,000).

■ Resek ran a major drug operation involving the importation of a kilogram of cocaine per week into Anchorage. He was distributing cocaine to at least seventeen other dealers within the city. At the time Resek committed his offense he was on probation or parole for a conviction involving four counts of sale of cocaine.[3] Resek was serving a sentence of ten years with five suspended. He was paroled on February 3, 1983, and then arrested for the present offense on September 10, 1983. Additionally, the presentence report shows that Resek has not been gainfully employed more than a few times in his entire life. Considering the magnitude of Resek's operation, and Resek's apparent unwillingness to lead a life not involved with the sale of controlled substances, we find that the forty-year sentence imposed on Resek is consistent with the federal precedent and

---

3. The four counts involved in Resek's prior conviction were for the sale of amounts ranging from one-half ounce of cocaine to one-half pound of cocaine. His original sentence was vacated by this court. At the time he was resentenced, he had already committed forty-three of the offenses charged in his current arrest.

serves the strong policy reasons behind the creation of the offense. Therefore, we hold that Resek's sentence was not clearly mistaken. *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).[4]

Resek also raises numerous issues regarding Judge Moody's sentencing for the fifteen counts of misconduct involving a controlled substance in the third degree. Resek had four prior felony convictions, therefore he was subject to presumptive sentencing. In addition, Resek's counsel conceded that all of the dismissed counts against Resek were sufficiently verified for purpose of sentencing. Resek also conceded that two aggravating factors applied, AS 12.55.155(c)(20) (the defendant was on furlough under AS 33.30 or on parole or probation for another felony charge or conviction), and AS 12.55.155(c)(25) (the defendant is convicted of an offense specified in AS 11.71 and the offense involved large quantities of a controlled substance). The state proposed, and Judge Moody found the additional aggravating factors found in AS 12.55.155(c)(21), and (10).[5]

 Initially, Resek argues that Judge Moody applied an incorrect standard in finding the aggravating factors he applied. Resek is correct in his argument, however, we agree with the state's position that this was harmless error. The record reflects that Resek conceded that two aggravators applied to his case, and we find that the record establishes the other aggravating factors by clear and convincing evidence. *See* AS 12.55.155(f).

In addition, we do not find any merit to Resek's contentions that Judge Moody found more than one aggravating factor based upon the same conduct, and applied both aggravators to the same count thereby increasing the sentence for that count twice, and that Judge Moody failed to evaluate the aggravating factors he applied in light of the *Chaney*[6] criteria. The record reflects that Judge Moody did not apply differing aggravating factors based on the same conduct to individual counts. Therefore, Resek's sentence for each count was not increased twice on the basis of the same conduct. The record also reflects that, in his sentencing remarks, Judge Moody made findings concerning the aggravating factors that he applied based upon *Chaney*. We find Resek's arguments without merit.

Resek's conviction and sentence are AFFIRMED.

---

4. The author of this opinion would hold that Resek's sentence should not exceed twenty years. To the best of my knowledge this would still make Resek's sentence far in excess of any similar sentence imposed for a drug offense in this state.

5. Alaska Statute 12.55.155(c)(10) provides: "the conduct constituting the offense was among the most serious conduct included in the definition of the offense...." Judge Moody found this aggravator only applied to three counts that each involved a kilogram of cocaine.

 Alaska Statute 12.55.155(c)(21) provides: "the defendant has a criminal history of repeated instances of conduct violative of criminal laws, whether punishable as felonies or misdemean-

ors, similar in nature to the offense for which the defendant is being sentenced under this section...." Judge Moody found this factor based upon the stipulation that all of dismissed counts were verified for the purposes of sentencing.

 In addition, Judge Moody found Resek was a worst type of offender, "both from the standpoint of having a criminal background with no significant work history and from the standpoint of having committed the most serious offense."

6. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970); *see also Juneby v. State*, 641 P.2d 823, 846 (Alaska App.1982) *modified on other grounds*, 665 P.2d 30 (Alaska App.1983).