Daniel McCLAIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1158.

Court of Appeals of Alaska.

Sept. 11, 1987.

Donald L. Surgeon, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Daniel McClain entered a plea of no contest to one count of second-degree sexual abuse of a minor. AS 11.41.436(a)(2). Approximately two weeks later, McClain decided he wanted to withdraw his plea. A formal motion was entered about six weeks after the plea had been entered. Superior Court Judge Karl S. Johnstone denied the motion. At sentencing, McClain moved for reconsideration of his motion to withdraw his plea. Judge Johnstone again denied the motion. On appeal, McClain asks this court to reverse the trial court's denial of his motion to withdraw his plea. We affirm Judge Johnstone's decision.

McClain was originally charged with two counts of second-degree sexual abuse of a minor for an incident involving G.V., a ten-year-old girl. Count I charged McClain with touching G.V.'s breasts. Count II charged McClain with touching G.V.'s geni-

tals. Additionally, G.V. claimed that McClain had shown her pornographic pictures which he had in his closet. This incident allegedly occurred on May 19, 1984. McClain denied the charges, but acknowledged that G.V. might have seen pornographic materials which McClain and his wife might have left lying on the floor in their bedroom.

Before trial, McClain's wife allegedly told McClain's counsel that she and her husband had left pornographic pictures next to their bed on the night before the alleged incident with G.V. McClain's counsel indicated that he believed that this testimony significantly contradicted G.V.'s description of the incident because G.V. had said that McClain took the photographs out of the closet.

The day before trial was to begin, McClain told his counsel that his wife had left him. Counsel attempted to contact her, but she did not return his telephone calls until the morning of trial. During this conversation, McClain's wife informed counsel that, if called, she would testify that she and McClain never left their pornographic photographs out where they could be seen. McClain's counsel believed that this testimony would undermine McClain's defense. Counsel met with McClain half an hour before trial was to begin, and for the first time they discussed the possibility of entering a plea, due to Mrs. McClain's changed testimony. Shortly thereafter, the state consolidated the two charges and McClain pled no contest to one count of second-degree sexual abuse of a minor.

At the change of plea hearing, Judge Johnstone extensively questioned McClain about whether he understood what he was giving up by entering a no contest plea. Counsel asserted that he had informed McClain of his rights. McClain acknowledged that he understood the charges against him and the possible penalties he faced. He also acknowledged that he knew that by entering a plea he was giving up the right to trial by jury, the right to confront the witnesses against him, and the right to present his own witnesses. He stated that his "family situation" had made him change his plea and that there had been no promises or threats made to induce his change of plea. McClain then plead no contest.

McClain and his wife were reunited and entered marriage counseling together shortly after McClain changed his plea. Upon her return, Mrs. McClain expressed her belief that McClain was innocent. At about the same time that his wife returned, McClain contacted his attorney. McClain wanted to move to withdraw the no contest plea. McClain indicated that he had only entered his plea because of emotional distress. McClain's counsel then filed a motion to withdraw McClain's plea. At the hearing on the motion to withdraw the plea, counsel argued that the basis of the motion was McClain's emotional state at the time he entered his plea, not the possibility that McClain's wife was once again willing to give testimony favoring McClain.

At the hearing, Judge Johnstone inferred that McClain was arguing that his plea was not voluntarily entered. The judge recounted the discussion at the change of plea hearing which indicated that McClain understood his rights and the nature of his actions. The court stated that "[i]n essence what we have is a change of heart here by the defendant. Apparently his wife is now back with him and maybe there's going to be some favorable testimony." Judge Johnstone pointed out that Mrs. McClain could be impeached by her former inconsistent statement.

In evaluating whether granting the withdrawal of plea request would cause prejudice, Judge Johnstone focused on the potential harm to the victim. The court pointed out that G.V.'s mother had testified that G.V. had suffered substantial psychological problems before the change of plea. Although G.V. had returned to close to her normal state since the plea, her mother was afraid to tell her about the motion to withdraw the plea because of the effect it might have on G.V. Judge Johnstone concluded that requiring G.V. to relive the incident, and the possibility of her recall being inaccurate, constituted prejudice to

the state. He also inferred an attempt to manipulate the system in the delay which occurred before the motion to withdraw plea was entered. The motion was therefore denied. Sentencing was set for several days later.

At sentencing, McClain's counsel asked Judge Johnstone to reconsider his denial of the motion to withdraw the plea. Counsel asserted that Mrs. McClain was now willing to testify on McClain's behalf, consistently with her first statements to counsel. Judge Johnstone denied the motion for reconsideration for the same reasons previously stated. McClain now appeals the trial court's denial of his motion to withdraw his no contest plea.

McClain moved to withdraw his plea under Alaska Criminal Rule 11(h)(2), which states:

Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

■ In seeking to withdraw a plea, the burden is on the defendant to establish a "fair and just" reason for withdrawal. *Wahl v. State,* 691 P.2d 1048, 1051 (Alaska App.1984). The decision of whether to grant the withdrawal is within the trial court's discretion, but presentence requests for withdrawal should be liberally granted. *Id.; Travelstead v. State,* 689 P.2d 494, 497 (Alaska App.1984). The trial court's ruling on the withdrawal motion will only be reversed where that court abuses its discretion. *Ningealook v. State,* 691 P.2d 1053, 1055 (Alaska App.1984).

■ The trial court must consider the totality of the circumstances surrounding the defendant's request. The defendant's reason for seeking withdrawal must be evaluated against the delay preceding the request, the extent of prejudice to the prosecution, and the likelihood that the defendant is attempting to manipulate the system to obtain an unfair advantage. *Wahl,* 691 P.2d at 1051.

■ We believe that the trial court could properly find that McClain's situation on the day of his trial was not unlike many other cases where the pressures of trial act on the attorneys, witnesses, and defendant. At the time of trial, McClain and his attorney apparently did not believe that his chances at trial were good in large part because of how Mrs. McClain indicated that she would testify. Consequently, McClain made a decision to enter a plea to one charge. Later, without the pressure of an immediate trial, McClain's evaluation of his case changed because his wife was apparently willing to testify on his behalf. It seems to us that there is a significant risk that if we were to routinely allow plea withdrawal in circumstances such as this, defendants who are faced with the very unpleasant task of confronting the witnesses against them in court would be tempted to enter guilty or no contest pleas. When the pressure of trial was removed, these same defendants would ask to reinstate their not guilty pleas. The pressure of a trial will also cause witnesses, faced with telling their story in open court subject to cross-examination, to lose their desire to testify or will result in a change of their testimony. For many reasons, cases which look good a month before trial do not look as good when they are about to be subjected to the rigors of trial. Certainly these pressures could result in a defendant entering a guilty plea which the court should allow him to withdraw. But the pressures of trial are normal and we do not believe that withdrawal of a guilty or no contest plea should be routine where the plea is entered on the day of trial. Allowing routine withdrawal of pleas entered on the day of trial could totally disrupt the trial calendar and could become a means for attempting to gain a last minute continuance.

We note that this case was a sexual abuse case involving a young girl. We believe that the trial court properly considered the fact that this was a case where the record reflected that the young witness needed to have the matter brought to a

conclusion. Certainly it is reasonable to conclude that this young witness was under a great deal of pressure in anticipating testifying against the defendant and was greatly relieved at not having to go through this experience. It follows that the young witness would be very distressed at having the case reset for trial. In addition, because the trial was necessarily delayed by the defendant's actions, there would likely be some effect on a young witness' memory.

In conclusion, a defendant must establish a fair and just reason to withdraw his guilty plea under Criminal Rule 11(h)(2). Under the facts of this case, we hold that Judge Johnstone did not err in finding that McClain did not establish a fair and just reason to withdraw his plea.

The conviction is AFFIRMED.