Raymond MONROE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1992.

Court of Appeals of Alaska.

April 1, 1988.

Robert B. Downes, Fairbanks, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Raymond Monroe pled no contest and was convicted of one count of solicitation of arson in the first degree, a class B felony. AS 11.31.110(c)(2); AS 11.46.400. The maximum sentence for a class B felony is ten years' imprisonment; presumptive terms are four years for a second felony offender and six years for a third felony offender. AS 12.55.125(d). Monroe, a first felony offender, received a sentence of ten years with two years suspended, and was required to pay restitution in the amount of $24,399.10. Monroe appeals, contending that the trial court erred in refusing to allow him to withdraw his plea prior to sentencing under Alaska Rule of Criminal Procedure 11(h) and in imposing an excessive sentence. We affirm Monroe's conviction and sentence of imprisonment. We remand for reconsideration of the restitutionary award.

In the early morning hours of April 19, 1986, a bomb exploded in the arctic entryway of a Fairbanks apartment building. The explosion extensively damaged the building and injured one of its occupants. Monroe and Stephan Gorz were jointly indicted for arson in the first degree, in violation of AS 11.46.400(b). Gorz was subsequently convicted of arson, and Monroe entered a plea of no contest to soliciting that arson. There was substantial evidence establishing that Monroe had motive, opportunity and the means to cause the explosion, and that he was closely associated with Gorz, the actual perpetrator. The facts are set out in more detail in our opinion in *Gorz v. State*, 749 P.2d 1349 (Alaska App.1988).

## PLEA WITHDRAWAL

Monroe first argues that Superior Court Judge Jay Hodges erred in denying his motion to withdraw his plea of no contest. Monroe moved to withdraw his plea under Alaska Criminal Rule 11(h)(2), which states:

Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

 In seeking to withdraw a plea, the burden is on the defendant to establish a "fair and just" reason for withdrawal. *Wahl v. State*, 691 P.2d 1048, 1051 (Alaska App.1984). The decision of whether to grant the withdrawal is within the trial court's discretion, but presentence requests for withdrawal should be liberally granted. *Id.; Travelstead v. State*, 689 P.2d 494, 497 (Alaska App.1984). The trial court's ruling will only be reversed when the court abuses its discretion. *Ningealook v. State*, 691 P.2d 1053, 1055–56 (Alaska App.1984).

 The trial court must consider the totality of the circumstances surrounding the defendant's request. "The defendant's reason for seeking withdrawal must be evaluated against the delay preceding the request, the extent of prejudice to the prosecution, and the likelihood that the defendant is attempting to manipulate the system to obtain an unfair advantage." *McClain v. State*, 742 P.2d 269 (Alaska App.1987) (citing *Wahl*, 691 P.2d at 1051). Although presentence requests to withdraw a plea should be liberally granted, the defendant must nevertheless present a fair and just reason for withdrawal. The court may deny a request for withdrawal in the absence of such a reason even if the state would not suffer prejudice if the case went to trial. *McClain*, 742 P.2d at 271–72. We are satisfied that Judge Hodges did not

abuse his discretion in denying Monroe's request.

■ Monroe essentially argues two bases for withdrawing his plea. First, he contends that he was under substantial pressure from his attorney to enter a plea and did so without adequate consideration of the consequences. He claims that he was given insufficient information regarding the likelihood of acquittal or conviction, and that his plea was entered hastily in an atmosphere of confusion. Second, he contends that he received ineffective assistance from his trial counsel.

We have carefully reviewed the record in this case. We find that Judge Van Hoomissen's implicit findings that Monroe's plea was knowing, intelligent and voluntary, and not the product of duress, coercion or confusion, were not clearly erroneous. Monroe's reliance on *Arnold v. State*, 685 P.2d 1261 (Alaska App.1984) and *Love v. State*, 630 P.2d 21 (Alaska App.1981) is misplaced. In *Arnold*, the state confessed error, conceding that Arnold's counsel was ignorant of the facts and the law and therefore could not have adequately advised Arnold regarding his rights and responsibilities. In *Love*, the defendant and his trial counsel agreed that the attorney-client relationship had broken down completely and that they had had little opportunity to confer before a guilty plea was entered. In *Love*, as in *Arnold*, the record supported a finding that the defendant had literally received no assistance of counsel at all in conjunction with his plea.

■ In contrast, in this case, Monroe was represented by a skilled, experienced attorney who spent a substantial amount of time explaining the law and the facts to him. Although Monroe argued over strategy and tactics with counsel and was dissatisfied with counsel's performance, this is an insufficient basis for warranting withdrawal of a plea. The right to effective assistance of counsel does not encompass the right to reject appointed counsel and have new counsel appointed in the absence of any showing of cause for such change. The due process clauses of the state and federal constitutions do not guarantee a "meaningful relationship" between client and his appointed counsel. *See Morris v. Slappy*, 461 U.S. 1, 13–14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (1983); *V.F. v. State*, 666 P.2d 42, 46–47 n. 5 (Alaska 1983).

Monroe may have been under substantial internal pressure because of his upcoming trial, the likelihood of a guilty verdict, and the possibility of a substantial resulting sentence for first-degree arson. Such pressure is common for those awaiting felony trials. As trial approached, the opportunity to plead to a lesser offense no doubt became more and more attractive. Monroe may have re-evaluated his situation after he pled and the specter of trial receded, and he may have concluded that he would have been wiser to have gone to trial. Nevertheless, these facts do not establish a fair and just reason for plea withdrawal. A fair and just reason requires more than proof that the defendant changed his mind. *Ortberg v. State*, 751 P.2d 1368 (Alaska App.1988); *Shetters v. State*, 751 P.2d 31 (Alaska App.1988).

■ Monroe next argues that his plea should have been set aside because he received ineffective assistance of counsel in connection with the investigation of the case. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Risher v. State*, 523 P.2d 421 (Alaska 1974). Essentially, Monroe argues that counsel failed to produce an alibi defense. Our independent evaluation of the record leads us to conclude that Monroe's trial counsel's performance did not fall below the standard of effective assistance of counsel. Monroe has not demonstrated the existence of alibi witnesses capable of exculpating him. Moreover, there is no indication that Monroe was prejudiced by anything his trial counsel did or failed to do. There is nothing in the record that would support a finding that Monroe would not have entered his plea had counsel functioned differently. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

## THE SENTENCE

Monroe was twenty-three years old at the time of sentencing. He has no prior

felony convictions. He does, however, have misdemeanor convictions for carrying a loaded firearm, criminal trespass, shoplifting, and disturbing the peace. He also appears to have substantial alcohol dependency which he will not acknowledge.

■■■ There is no presumptive term for a first felony offender convicted of a class B felony, absent extenuating circumstances not present in this case. *See* AS 12.55.125(d). Monroe's sentence of ten years with two years suspended is a substantial sentence for such an offender. Generally, a first offender should receive a more favorable sentence than the presumptive term for a second felony offender convicted of the same offense. *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App. 1981). We have recognized, however, that a first offender may be sentenced to a term greater than the presumptive sentences for a second or third offender when the court finds statutory aggravating factors, or extraordinary circumstances which would warrant referral of a second felony offender's case to a three-judge panel for sentencing. *See, e.g.*, AS 12.55.155–.175. In rare cases we have even approved total sentences exceeding the presumptive term for a third felony offender. *Skrepich v. State*, 740 P.2d 950, 956 (Alaska App.1987).

Monroe's conduct would have supported conviction for a greater offense—accomplice to a premeditated arson in the first degree—since the crime he solicited, arson in the first degree, was accomplished by a bomb, which exploded, damaging the premises and injuring an occupant. Consequently, Monroe's conduct was among the most serious contemplated within the definition of the offense for which he was convicted. AS 12.55.155(c)(10). *See Schnecker v. State*, 739 P.2d 1310, 1312–13 (Alaska App.1987). This is not a case like *Benboe v. State*, 698 P.2d 1230, 1232 (Alaska App.1985). In *Benboe*, the sentence would have been substantially mitigated if viewed as a greater offense. In contrast, if Monroe had been convicted of the greater offense, it would have been at least a typical offense, for which the presumptive seven-year term for a class A felony would

have been appropriate. *See* AS 12.55.125(c)(2). In fact, the trial court apparently found additional aggravating factors which would apply equally to arson in the first degree and would render it among the most serious within its class.

Judge Van Hoomissen found that: a person sustained injury, Monroe's conduct created a risk of imminent physical injury to three or more persons, and Monroe knew that the offense endangered more than one victim. *See* AS 12.55.155(c)(1), (6), and (9). These factors, which we agree were clearly and convincingly established in the record, go beyond establishing that Monroe's conduct was among the most serious within the class of offense to which he pled. His conduct approximates the showing necessary to label him a worst offender for whom a maximum sentence would have been appropriate. *See Wilson v. State*, 582 P.2d 154, 156–57 (Alaska 1978) (worst offender status authorizing maximum sentence may be based on facts of crime for which defendant is convicted and does not necessarily require prior criminal record).

Alaska Statute 11.46.400(a) requires that the defendant recklessly place another person in danger of serious physical injury to be convicted of first-degree arson. Here, Monroe intentionally placed a large number of people in danger of death as well as serious physical injury. It was fortunate that no one entered the building's arctic entryway at the time of the explosion. Otherwise, Monroe could be facing a murder conviction. In sum, Monroe's aggravated conduct, endangering many lives, distinguishes his case from other aggravated cases of class B felonies where we have disapproved sentences of incarcerations for first offenders that exceeded the presumptive term for a third felony offender. *Skrepich*, 740 P.2d at 956; *Whitlow v. State*, 719 P.2d 267, 270 (Alaska App.1986); *Maal v. State*, 670 P.2d 708, 712 (Alaska App.1983).

Based on the totality of the circumstances, we hold that Judge Van Hoomissen was not clearly mistaken in imposing a sentence of ten years with two years suspended even though such a sentence exceeded the

**1022**

respective presumptive terms for a second and third felony offender. *McClain v. State,* 519 P.2d 811, 813 (Alaska 1974). *Cf. Mossberg v. State,* 733 P.2d 273, 277–78 (Alaska App.1987) (sentence reduced from fifteen years, not to exceed ten years for setting fire to an unoccupied lodge, prosecuted under former law).

■ There is one facet of the sentence, however, that requires further consideration though it was not mentioned in either party's brief. After the trial court had pronounced sentence of imprisonment, the following dialogue took place:

> [PROSECUTOR]: Also, Your Honor, one other final matter. The presentence report indicated there was a substantial amount of damage to the building, a large figure of $24,399.10 was mentioned in the letter from Mr. Staiger [insurance adjuster]. I'd ask the court to order restitution in the case and defer final order until after his release to determine his ability to pay at that time.
>
> THE COURT: Well, I'm going to order restitution. But to think that if he [is] released from jail that he can pay that figure out ... and still at the same time go out and make a living or renew any ties with the carpenters union or anything else, is not too reasonable. I'm going to order restitution and in doing that, I'm going to consider and ask the Department of Corrections to consider the effort that the defendant makes to do the best he can with restitution. No effort at all would be an indication to me, and I think to the probation officer, that reformation or rehabilitation hasn't taken place. An honest effort to the extent that he can, will be required as a condition of his release. The amount has already been set by the insurance company. I'm going to use that amount, but ... in doing so I'm going to recognize that it would be almost impossible within a two-year period or substantial period for him to satisfy that entire obligation. The same obligation exists

with reference to Mr. Gorz. So it's a joint and several obligation....

■ The trial court is under a mandatory duty to consider a defendant's earning capacity in connection with any imposition of a fine or restitution. Failure to do so requires automatic reversal and remand. *See Karr v. State,* 686 P.2d 1192, 1197 (Alaska 1984); *Ashton v. State,* 737 P.2d 1365, 1366 (Alaska App.1987); *Kramer v. State,* 735 P.2d 754, 756 (Alaska App.1987). It is necessary, therefore, that we remand this case to the trial court to determine Monroe's earning capacity and the "nature of the burden" that payment of the restitution will impose upon him. *See, e.g., Zimmerman v. State,* 706 P.2d 343, 344–45 (Alaska App.1985).

The order of the superior court denying the motion to withdraw plea is AFFIRMED. The sentence imposed by the superior court is AFFIRMED in part and REVERSED in part. The order of the superior court imposing restitution is VACATED, and this case REMANDED to determine Monroe's earning capacity in order to determine an appropriate restitution.